In June, 1940, Joseph J. Boyd, who owned a large tract of land in the 9th ward of the Parish of East Baton Rouge, located on the continuation of Government Street and running back to Florida Street, laid the same out as a subdivision to be known as North Goodwood. He divided the area into blocks which were subdivided into lots to be sold to persons who would construct residences on them. He established certain restrictions pertaining to certain parts of the subdivision and had the same recorded in the Conveyance Records of the Parish of East Baton Rouge and any person buying a lot in that part of the subdivision governed by the restrictions purchased the same subject to the restrictions and agreed to abide by the same.
Among the restrictions was one which read as follows: "No building, except as herein specified, shall be erected nearer than 20 feet to either side line of said lot or lots, but this covenant shall not apply to garages or out-houses, located on any portion of the rear quarter of the lot or lots, which may be placed not nearer than 2 feet to the side lines and the rear line, but shall not be placed any nearer than 75 feet to any street." Another restriction with which we are concerned in this case reads as follows: "No building shall be erected on any part of the property hereinabove described other than a single family dwelling and a garage or out-house, to be used in connection with the said single family dwelling."
On February 13, 1942, the defendant herein, Harry J. Albert, bought one of the lots in that area in which these restrictions operated and his deed specifically recited that the property described therein was subject *Page 877 
to the restrictions and servitudes of record of North Goodwood Subdivision.
The several plaintiffs in this suit are all owners of lots which they had acquired in the subdivision or which they owned prior to the time that the defendant started to construct a building upon the lot he had bought, in violation, as they allege, of the two particular restrictions which have just been quoted. They instituted this suit which is a proceeding for an injunction, seeking to prohibit and enjoin him from building any garage or out-house closer than 75 feet from Donmoor Avenue, one of the streets bounding his property, and to have him remove the building as presently constructed on his said lot.
In their petition, after setting out that they are the owners of the respective lots belonging to each and that the defendant is the owner of the lot which he acquired in February, 1942, subject to the restrictions which have never been abandoned and which are still in full force and effect, and after he had started the construction of a building upon the rear of the lot purchased by him, being Lot 1 of Square 3, and believing that the said building was a garage or other out-house which was being built in violation of the 75 feet restriction, they notified him that he was in violation of the restrictions. They alleged that the defendant informed them that he was not violating the restrictions and refused to inform them of the exact nature of the building he was constructing. They then alleged that when the building had reached a certain stage of completion believing that it was not being constructed in accordance with the restrictions, they again notified him by petition dated March 11, 1947, and in answer thereto they received a letter from an attorney at law, representing the defendant, in which it was stated that defendant had no intention of violating the restrictions and that he intended to abide by the same. They then aver that it was not until the building was completed that they became fully aware of the fact that the defendant did not intend to abide by the restrictions and the building which he had erected and completed was a garage apartment which violated one of the restrictions in that it is not a building for a single family dwelling nor is it to be used in connection with a single family dwelling and also that it violated a further restriction in being nearer than 75 feet to Donmoor Avenue.
A rule nisi was issued and the defendant was ordered to show cause why a permanent injunction should not be ordered as prayed for. In answer to the rule the defendant filed a motion in which he averred that the particular restrictions he was charged with having violated had been waived and abandoned by reason of the fact that there had been repeated, flagrant violations, previous to the filing of this suit by the plaintiffs, by a majority of owners of corner lots situated in the subdivision. In his motion defendant also suggested that he desired to submit expert testimony to the court with reference to the violations which he stated had existed, which expert testimony could only be produced by a surveyor, and he accordingly asked that the court appoint a surveyor to determine the nature and description of all violations of the restrictions as set out by him and that the matter be continued until such time as the survey and the report of the surveyor could be made. The court granted the continuance, at the end of which time defendant filed his answer to the rule for injunction in which he admitted that in constructing the garage on his premises, he located it nearer than 75 feet to Donmoor Avenue, and in a sense that was a violation of one of the restrictions but he again defends his action on the ground that that restriction had been waived, abandoned and relinquished by universal acquiescence and common consent by the land owners, and therefore there could be no right of action to enforce it against him and to seek the injunction that was being asked. As a further defense to the rule for injunction, defendant alleged that the lots he bought front on Florida Street and, that as is well known, all property fronting on that street has become highly commercialized within the past few years. He avers that the properties directly adjacent to his are being used for commercial purposes and that all property fronting on both sides of Florida Street previously subjected to building restrictions has *Page 878 
changed to such an extent that there cannot equitably be any further enforcement of the original restrictions placed on the property which he acquired.
After trial of the rule in the court below there was judgment in favor of plaintiffs ordering an injunction prohibiting the defendant from using the building which he had constructed on the property for any other purpose than a garage located not nearer than 75 feet from Donmoor Avenue, or as a single family dwelling as provided for in the restrictions; further in the event he elected to use the said building as a garage and not as a single family dwelling he shall move the same a distance of 75 feet beyond Donmoor Avenue, such removal to be affected within 60 days, and failing in this he shall remove the same from the property altogether within 90 days. From that judgment the defendant has taken this appeal.
On the appeal a large portion of the argument of counsel for defendant is leveled at the form of, or the course which the proceeding took in the lower court. The contention is that the proceeding initiated in the lower court as a rule nisi for an injunction, that it was tried in that court solely on that rule and that there has never been a trial on the merits which was necessary in order that a final judgment might be rendered on the question as to whether or not there is to be a permanent injunction ordered. In other words counsel claims that even though the court heard all of the testimony that might have been produced on the trial of the merits as well as on the trial of the rule for the injunction, nevertheless it was necessary for all the same evidence to be offered and introduced on a trial of the case on the merits before there could be a definitive judgment rendered. Counsel may be right on the contention he makes as we think that that is the proper procedure in matters of this kind unless by some form of agreement the court be permitted to consider the testimony on the rule as testimony adduced on trial of the case on the merits in order to render such a judgment. This, according to the judgment and final decree that was signed by the trial judge, seems to be exactly what took place in the trial of this case for, as we note, the signed judgment which follows the signed written reasons handed down by the trial judge reads this way: "This cause having been tried according to previous assignment upon the rule nisi herein issued on the 24th day of October, 1947, under a stipulation of all parties that a trialof the rule would be considered as tried on the merits * * *." (Italics ours.) We find no stipulation in the record nor do we find reference to any in the extract from the minutes of the court but the statement contained in the judgment and decree has to be taken as conclusive that there was such a stipulation and that all parties agreed that the trial which was had on the rule was to be considered as a trial also on the merits of the case. This, we think, takes care of the contention made by counsel for defendant on this point.
As pointed out in the statement of the case, there are two contentions made by the defendant on the merits, which have to be considered. There is no question as to the validity and the legality of these building restrictions promulgated by the owner of a tract of land and their effect as being binding upon purchasers of lots who construct a building thereon. Defendant admits the restrictions, and in effect, admits their validity and that he would be bound by them were it not for the fact, as he contends that they have been waived and abandoned by the proprietor of the subdivision in having permitted their flagrant violation in several instances. The other contention involves more or less a legal proposition, that is whether or not the commercializing of the property adjacent to the restricted area, has the effect, as a matter of equity, of limiting or even doing away with the restrictions.
In order to sustain his first point that the violations which he admits can no longer be considered as such because those restrictions have been abandoned and waived, the defendant produced the testimony of the surveyor he had asked to have appointed by the court and who had made a map of the subdivision. The surveyor is a man by the name of Taxie Craft, a licenced Civil Engineer, whose qualifications are not questioned. According to his map and his testimony it does appear that *Page 879 
there are nine lots in the subdivision which are affected by the 75 foot garage restriction on which garages have been built and only three of those nine are situated more than 75 feet from any street or avenue, the other six being less than that distance from a side street. That of course is a point which operates in favor of the defendant because certainly if two-thirds of the garages on the whole property are built in violation of the restrictions, it wouldn't be fair to force him to a full compliance. Instead of six we are only able to account for five which apparently violate the restrictions in so far as the distance is concerned, two of them are situated at such comparatively close a distance to 75 feet as to hold in those cases, that there was a substantial compliance with the restrictions. For instance one is 73.9 feet. We might mention here also that although it does not appear in the testimony, in brief of counsel for plaintiffs it is stated that one that is less than two feet short of the required distance has been moved in order to comply with the restrictions. With regard to the other, we find competent authority to the effect that a violation of such a restriction must be one that substantially defeats the object of the whole general scheme intended by the restriction in order to make consent on the part of the owners amount to a release. See Thompson On Real Property, Vol. 4 page 557. Another of the garages claimed to have been built in violation of the restrictions, and which is 56.7 from the street, is a garage that is attached to the house itself, and the restrictions do not apply to garages built that way. Another violation called to the attention of the court is with regard to the construction of a garage that was built before the restrictions went into effect and certainly that cannot be used as an instance of the waiver or abandonment of the restriction. Another which is admittedly built within 75 feet appears to be that of an owner who informed the court at the beginning of the trial of this case that he would remove it in the event that the suit was decided in favor of the plaintiffs.
The testimony isn't very clear regarding these alleged violations and what is proposed to be done about some, in some instances, but the district judge commented on that phase of the matter and stated that whatever breaches had been shown were not sufficiently numerous, in his opinion as to defeat the whole scheme of the development of the subdivision. We are inclined to agree with him on that.
Aside from all this, it strikes us, as it did the district judge, that this particular violation was not as influencing on his decision as was the nature of the building itself and the purpose for which the defendant is using it, and which constituted another violation. The testimony satisfies us that this defendant is presently using that building, not as a garage but as a warehouse, as he himself styles it, in connection with his business as a plasterer and contractor. The building is stored with material, he maintains his truck there and it is shown that material is often delivered on the premises to make the whole thing appear that he is definitely conducting his business from that point and using the building for whatever purpose he can in this connection. He spoke of having had plans drawn for the construction of a very costly dwelling and even introduced an architect's drawing of a very elaborate house, but from his own testimony it is apparent that he has abandoned all idea of ever building a residence on the property and therefore his continued use of the building as he is doing, is strictly in violation of the restrictions placed on the subdivision.
With regard to the other point raised, that is that the property adjoining the restricted area has become commercialized within the last few years, and the purposes of the restrictions have become frustrated, that same argument was presented recently to the Supreme Court of our State in the case of Alfortish v. Wagner, 200 La. 198, 7 So.2d 708 and it was there decided adversely to the contention now being made on behalf of the defendant.
After a careful consideration of all the issues involved, we are satisfied that the judgment of the lower court is correct and it is therefore affirmed. *Page 880