60 So.2d 128 (1952)
MURPHY et al.
v.
MARINO.
No. 3562.
Court of Appeal of Louisiana, First Circuit.
June 30, 1952.
Cashio & Cashio, John R. Sheppard, Baton Rouge, for appellant.
Robt. C. Taylor, Baton Rouge, for appellees.
DORÉ, Judge.
This is an appeal from a declaratory judgment rendered in a suit involving the validity of a building restriction contained in a sale from The Richland Company, Inc. to the plaintiff, Mary Grand Murphy of Lot 21, Square F of a subdivision known as "Steele Place" recorded in Conveyance Book 455, Folio 79 of the records of East Baton Rouge, Louisiana.
The deed of conveyance contains several restrictions but the one at issue is as follows:
"* * * and neither the purchaser or her heirs, successors or assigns shall ever erect more than one residence on said lot. * * *"
The facts as admitted in the pleadings and in a pre-trial conference are that Mrs. Mary Grand Murphy acquired the lot in question by the aforesaid deed on October 1, 1940, and that said deed contained the above quoted restriction limiting the purchaser, her successors or assigns, from construction of more than one residence on the said lot; which lot measures 130 feet front on Richland Avenue, by a depth between parallel lines and along Broussard Street of two hundred eighty (280) feet.
On March 12, 1951 the plaintiff, Mary Grand Murphy, the undisputed owner of *129 Lot 21, Square F, Steele Place, with the approval of the City Council of the City of Baton Rouge, re-subdivided the said lot by the sale of the westerly eighty (80) feet thereof known as Lot "B", to the plaintiff T. Lacy Grand.
It is shown that the plaintiff, Mary Grand Murphy, proposes the building of a residence upon Lot "A" of said re-subdivision, measuring one hundred thirty (130) feet on Richland Avenue by a depth between parallel lines along Broussard Street of two hundred (200) feet and for that purpose, obtained Permit No. 7243 from the City of Baton Rouge and that the plaintiff, T. Lacy Grand, proposes to erect a residence upon Lot "B" of said re-subdivision, measuring eighty (80) feet front on Broussard Street by a depth of one hundred thirty (130) feet between parallel lines and has obtained Permit No. 7222 from the City of Baton Rouge for the erection of said residence.
It is further shown that on or about January 4, 1951, Charles Marino, the defendant herein, and owner of Lot 1 of Square F of the Steele Place Subdivision which lot lies immediately west of Lot 21 of Square F of said subdivision (being Lots "A" and "B" of the re-subdivision), wrote to the petitioners protesting the use of said Lot 21 for more than one residence and claiming that the building of more than one residence thereon is in direct conflict with the restriction contained in the act of acquisition of plaintiff Mary Grand Murphy.
Plaintiffs set forth in their petition that they cannot safely begin construction upon the said properties because of the threats contained in the letter of protest from the defendant Marino and that they have no adequate remedy to determine whether or not the restriction involved is applicable to the properties of petitioners and presently enforceable, and they therefore pray the court that, after due proceedings had, they may have judgment determining the meaning of the restriction and the present validity thereof and more particularly determining their rights with relation to the erection of two residences upon said Lot 21, Square F, Steele Place as re-subdivided and their rights to respectively proceed with their construction thereon.
It is further shown that the subdivision in question was created by The Richland Company, Inc. and consisted of an area of about six and one-half acres, divided into seven (7) blocks designated as Blocks A to G, inclusive, and one hundred thirtyseven (137) lots of various sizes.
It is further shown that the deeds did not contain uniform restrictions. Some of the deeds restricted the purchaser, his heirs or assigns, to the building of one residence only, whereas, others permitted the building of two dwellings and others contained no provisions whatsoever as to the number of residences that could be built on the particular lot sold. It is also shown that in some instances the restriction contained in the original deed of conveyance was thereafter amended or corrected by The Richland Company in a subsequent instrument so as to permit the building of more than one dwelling, whereas, the original restriction permitted the erection of only one dwelling.
It is shown that in Square F, wherein plaintiffs' and defendant's properties are located, two of the lots, to-wit, Lots three (3) and seventeen (17), are unrestricted as to the number of dwellings that may be built thereon.
It is further shown that The Richland Company, Inc., after disposing of the Steele Place Subdivision, was voluntarily dissolved.
Under these facts admitted by the pleadings and the pre-trial conference, the case was submitted to the trial court who rendered judgment to the effect that the restriction is invalid and unenforceable and that the plaintiffs, respectively, have the legal right to erect a residence upon each Lot "A" and Lot "B" of the re-subdivision of Lot 21, Square "F", Steele Place, as approved by the City Council of the City of Baton Rouge, Louisiana, and that defendant Marino is without legal right to complain against the construction of said two residences or to interfere in any way with their construction upon Lots "A" and *130 "B" of said re-subdivision of Lot 21, Square "F", Steele Place.
The defendant has appealed and his main contention is that his property, to-wit, Lot One (1), Square "F", is contiguous to Lot 21, Square "F", purchased by the plaintiff, Mrs. Mary Grand Murphy, and that in effect, his purchase of said Lot One (1) and the construction of a home thereon, costing in excess of $35,000.00, was motivated by the restriction contained in his, defendant's, deed of acquisition. Presumably, he took it for granted, at the time of his acquisition, that all other deeds contained a restriction of one residence per lot; but, it is clearly shown that no such general restriction on all lots was ever filed or recorded by The Richland Company and it is further shown, as brought in hereinabove, that the restrictions were at the outset not uniform and that in many instances the original restrictions were amended or changed completely by subsequent instruments executed by The Richland Company, the subdivider of Steele Place.
The main question involved in this proceeding is whether or not the restriction imposed by the subdivider, The Richland Company, was intended to be a real restriction, amounting to a covenant running with the land, or a personal restriction between The Richland Company and its purchasers, so as to assist the former in disposing of its properties. In view of the fact that each deed consisted of a private transaction between The Richland Company and each of its purchasers without any reference to restrictions imposed upon the subdivision as a whole or upon any particular block, including Block "F", of the subdivision, strongly indicates that the restriction was entirely personal as between The Richland Company, as vendor, and each of its individual purchasers.
It is our understanding of the law that in order to create a binding covenant running with the land in a subdivision, and enforceable by any purchaser of property therein, there should be a uniform plan of restriction applicable to the subdivision as a whole, or to a particular part of the subdivision, known to each purchaser and thereby, by reference or implication, forming a part of his contract with the subdivider. As stated before, that situation did not exist in the case of the Steele Place Subdivision.
26 Corpus Juris Secundum, Deeds, § 167, pages 552 and 553, covers the above point as follows:
"A general building scheme may be defined as one under which a tract of land is divided into building lots, to be sold to purchasers by deeds containing uniform restrictions. * * * In determining whether land is included in a building scheme, doubts are to be resolved in favor of the free use and enjoyment of the property and against restrictions. * * * the right to enforce restrictions imposed pursuant to a general scheme must be universal or reciprocal, that is, the same restrictions must apply substantially to all lots of like character or similarly situated, and the scheme must be incorporated in all the deeds." (Italics ours.)
It is clearly shown that there was no general scheme or plan in the case of the Steele Place Subdivision and particularly that there was no uniformity in limiting the use of the lots, as laid out in the subdivision, to the erection of one dwelling. The criteria of uniformity has been specifically recognized by the Supreme Court as follows:
"* * * the jurisprudence of this State is well setted that stipulations in title deeds providing for building restrictions are valid and enforceable where the restrictions have been inserted in pursuance of a general plan devised by the ancestor in title to maintain certain building standards and uniformity in the improvements." (Emphasis ours.) Alfortish v. Wagner, 200 La. 198, 7 So.2d 708, 711.
It is our conclusion that the building restriction contained in the deed of conveyance from The Richland Company, Inc. to plaintiff, Mary Grand Murphy, was a personal restriction and enforceable only *131 by the vendor and that it has no further applicability since the vendor corporation has been voluntarily dissolved.
For these reasons assigned the judgment appealed from is affirmed.