ELLIS, Judge.
Plaintiff has appealed from a judgment refusing to grant him injunctive relief against the defendant for the violation of certain restrictions applicable to the lots in a subdivision established by him.
Defendant purchased Lots 1 and 2 of Block 2 of the Philip Abate Subdivision and built a small home on Lot 1 and a tool and material shed on Lot 2. The trial judge enjoined the defendant from violating the restrictions insofar as Lot 2 was concerned and ordered the removal of the building therefrom, and the defendant did not appeal from this judgment so it has now become final. The only question before this court concerned the alleged violations on Lot 1.
Lot 1 is shown on the original map of the Subdivision as being triangular in shape and having a front of 73 feet on Link Street with a rear measurement of 140 feet. Suit was filed on March 8, 1956, the case tried on May 25, 1956 and on this trial the defendant introduced a map made by Harry E. Reed, licensed surveyor, which showed the frontage of Lot 1 on Link Street at 12^4 feet rather than the 73 feet which the defendant had every right to expect, and the rear line on this map showed 113.3 feet rather than 140 feet. In May of 1956 the plaintiff by motion introduced in evidence as an exhibit a corrected plat of the Philip Abate Subdivision which shows a frontage on Lot 1 belonging to the defendant of 18 feet, so there can be no *274 doubt or dispute but that the defendant has received a lot far less in measurement than his title called for under the original plat of Lot 1 which was recorded in establishing the Subdivision.
Plaintiff complains of the following violations by defendant of the restrictions applicable to the Subdivision and therefore to Lot 1, to-wit:
(1) Erection of a residence having less than 600 square feet in violation of restriction 6.
(2) Building the residence further than SO feet from the front line in violation of restriction 3.
(3) Not building the septic tank and absorption field in accordance with requirements of the Louisiana Board of Health, which is in violation of restriction 7 of the subdivision.
The District Judge in his written reasons for denying relief to the plaintiff insofar as Lot 1 was concerned stated:
“From an examination of the corrected plat it would be virtually impossible for defendant to comply with restrictions 3 and 6 by virtue of Lot 1 being so narrow.
“The evidence as to a violation of restriction 7 dealing with the septic tank and absorption field is inconclusive. The only testimony on this subject was by Mr. Andrew P. Fontenot, Chief Sanitarian, with the Parish Health Unit.”
Counsel for plaintiff relies upon the case of Salerno v. DeLucca, 211 La. 659, 30 So.2d 678, 679, decided by our Supreme Court with Chief Justice Fournet as its organ, and there is no doubt but that it is the law. This case holds:
“It is the well established jurisprudence of this state that where restrictions have been inserted in deeds in pursuance of a general plan devised by the ancestor in title to maintain certain building standards and uniform improvements, such as those here under consideration, they are valid and enforceable. Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641, L.R.A.1916B, 1201, Ann.Cas.1916D, 1248; Hill v. Wm. P. Ross, Inc., 166 La. 581, 177 So. 725; Rabouin v. Dutrey, 181 La. 725, 160 So. 393; and Ouachita Home Site & Realty Co. v. Collie, 189 La. 521, 179 So. 841. These are real rights or covenants that run with the land for the benefit of land owners within the area and to prevent the violation of these restrictions injunction proceedings may be resorted to. See Collie and Queensborough cases, supra, and also Edwards v. Wiseman, 198 La. 382, 3 So.2d 661.
“Although these stipulations are stricti juris and every doubt should be resolved in favor of the unencumbered use of the property, whenever differences arise as to the extent or limitation of these restrictions, we must look to the intention of the party encumbering the property from the words used in the stipulations in the deed, consideration being given to the entire context of the instrument rather than to a single phrase or clause, for obviously those acquiring the property in the restricted area were motivated and influenced to purchase the same because of these limitations and they are entitled to the presumption that they will be fairly and faithfully complied with.”
See also Plauche v. Albert, La.App. First Circuit, 42 So.2d 876, and Harris v. Pierce, La.App. Orleans, 73 So.2d 330.
One of the restrictions in this case provided that the building should not be placed closer than 25 feet to the front line nor further than 50 feet. The defendant had the right when he bought Lot 1 under the original plat of Subdivision to expect this lot to contain 73 feet front and 140 feet at its rear and it was under this state of fact or conditions that the restrictions were *275 placed on this lot in this Subdivision. Defendant had every right, if he were to be bound by these restrictions, to expect the lot to be in conformity with the plat of Subdivision. The testimony of Mr. Reed was that should defendant have placed a small residence, which is shown to be approximately 30 feet in width, at a distance of 25 feet from the front line of this Lot 1, it would have touched at least both sides of the lot, which would have left no access to a garage or for an automobile to pass between the lot line and the residence. Even at 50 feet defendant’s distance or width would have been far less than he could have expected when he bought Lot. 1. As stated by our Supreme Court, restrictions are stricti juris and as in this case where a subdivision is established and the original plat filed with the dedication, gives a measurement of 73 feet frontage and 143 feet in length on the rear and restrictions are placed upon these lots in the nature of the ones under consideration, specifically pertaining to the location of a residence at a minimum and maximum distance from the front line and the minimum number of square feet which must be contained therein, and after purchase by one it is found to contain only 121/4 or at the most 18 feet frontage and 113 feet in the rear, the restriction is null and void and unenforceable. The purchaser of Lot 1, in this case the defendant, had a right to place his residence within 25 feet of the front property line and also in accepting such a restriction could expect to be able to build a residence at this point equal in width to that based upon the measurements of his lot as shown on the original subdivision. The actual ground measurements show that this was impossible, and using the 12^4 foot frontage as shown by Surveyor Reed, he could not even build the small 30 foot residence at the 25 foot line and have any passage between it and the side lot line.
We also agree with the holding of the district judge as to the restriction of sewerage disposal.
As to violation “(1)”, the evidence indicates that the defendant was in the process of making an addition to his building which would have constituted compliance with restriction 6.
For the abóve and foregoing reasons the judgment of the District Court is affirmed, defendant to pay all costs.