130 So.2d 425 (1961)
In re CONGREGATION OF ST. RITA ROMAN CATHOLIC CHURCH (Applying for Declaratory Judgment).
No. 287.
Court of Appeal of Louisiana, Fourth Circuit.
May 2, 1961.
Rehearing Denied June 12, 1961.
*426 Gordon B. Hyde, Harry McEnerny, Jr., New Orleans, for St. Rita Roman Catholic Church, appellee.
Lewis R. Graham, Herman J. Schulze, New Orleans, for Jos. W. Reddock and Rudolph Schulze, appellants.
Alvin W. LaCoste, New Orleans, for Frank C. Saporito, appellant.
Before McBRIDE, REGAN, YARRUT, SAMUEL and HALL, JJ.
YARRUT, Judge.
Plaintiff-Appellee is a religious corporation and owns a square of ground (No. 65) in the Sixth District of New Orleans, fronting on Fontainebleau Drive, bounded by Lowerline and Pine Streets, and Broad Place, and will be referred to herein for brevity as "St. Rita".
Defendants-Appellants are the owners of lots on Fontainebleau Drive, in Square No. 64, opposite Square No. 65.
St. Rita brings this action for a Declaratory Judgment to have its square of ground freed from a stipulation in its deed of acquisition restricting its use to private residence, in order to erect a school, convent and/or auditorium-gymnasium, and, as the bases for such relief, contends:
(1) That a fair interpretation of the restriction should permit such contemplated use;
(2) That it has complied with the requirements of Act 448 of 1960 (amending LSA-R.S. 9:5622), providing:
"* * * A. Stipulations in deeds and title to land providing for building restrictions which are inserted in pursuance of a general subdivision plan devised by a common ancestor in title to establish certain use and building standards, constituting covenants running with the land, and wherein no provision is made for terminating the effective date of said restrictions, may be terminated in the following manner:
"(1) By agreement of owners of a majority of the square footage of land in said subdivision to terminate and end said restrictive covenants as of a definite date, provided said agreement will not be effective unless said restrictive covenants will have been established a minimum of 15 years prior to the date of termination of said restrictive covenants; and,
"(2) Any agreement purporting to comply with this statute shall be recorded in the conveyance and mortgage records of the Parish in which the land is located. * * *"
Some of Defendants agree with St. Rita, while others filed exceptions of non-joinder and no right or cause of action. The exception of non-joinder was overruled by the District Judge, and the other exceptions referred to the merits.
The exception of non-joinder is based on failure to join as Defendants all owners of lots in the four other squares alleged to be part of the general plan of subdivision; and the exceptions of no right or cause of action were levelled at St. Rita's *427 failure to obtain the consent of 51% of the square footage in all six squares, instead of 51% only in Squares Nos. 64 and 65, owned by Defendants and St. Rita, respectively.
Upon disposal of the exceptions as aforesaid, Defendants-Appellants answered generally denying St. Rita's claims, except its ownership of Square No. 65, and specifically attacked the constitutionality of Act 448, on the ground it deprives them of vested rights, in violation of both State and Federal Constitutions.
There was judgment in favor of St. Rita by the District Court, which held Act 448 of 1960 to be constitutional, and that St. Rita had obtained 51% of the footage in Squares Nos. 64 and 65, all that was necessary under Act 448. From that judgment this appeal was taken.
While there is dispute concerning what squares should be included in the chain of title, to determine the common "ancestor in title" under Act 448, supra, we hold that the common "ancestor in title" is the Interstate Land Co., and that the intended plan of subdivision included the six squares, under the following unchallenged documentary and recorded evidence:
The Interstate Land Co. acquired on the same date in 1912, by separate acquisitions, from each of two brothers, Squares Nos. 64 and 65, in one act, and Squares Nos. 61, 62, 63 and 66 in the other. Shortly prior thereto, and in anticipation of its acquisition, Interstate had made a general map of subdivision of all six squares into lots, by a firm of civil engineers and surveyors; which map was designated as "Fontainebleau Drive No. 1". Interstate then sold the lots according to the map to various purchasers, some containing and some not containing (though expressed in varying language) the following restriction as to use:
"It is distinctly understood and agreed by the parties hereto that neither the purchaser, his heirs and assigns shall use or permit any house erected on said lot or parcel of ground to be used, directly or indirectly for business of any description, or for any purposes other than that of a private residence; and shall not permit or erect any building the principal part of which is not towards the Boulevard; nor shall the property herein conveyed be sold or leased to anyone of African descent."
St. Rita contends the common ancestor in title as to it and Defendants is not Interstate Land Co. because Interstate acquired Squares Nos. 64 and 65 from one owner, and the other squares from a different owner. There is no merit to this contention. Interstate was first to consolidate all squares for the proposed subdivision, so all purchasers and present owners therein, quoad the subdivision, deraign their titles from Interstate, thus constituting Interstate the ancestor in title as contemplated by Act 448, even though we pretermit its applicability here.
By several mesne conveyances St. Rita acquired the whole of Square No. 65, Defendants-Appellants their lots in Square No. 64, and other owners, not joined here, lots in the remaining four squares.
The map of subdivision, referred to above, does not contain any legend regarding restrictions, but is simply a map to show squares, lot numbers and dimensions, and street boundaries. All sales by Interstate make reference to the map or plan of survey in their property descriptions. No document outlining the restrictions was executed or recorded and none referred to in any of the various sales by Interstate.
We see no need to consider the constitutionality vel non of Act 448 of 1960. Assuming, arguendo, its constitutionality, its invocation by St. Rita is not necessary for its declaratory relief, for the following reasons:
It is stipulated by all parties hereto, supported by authentic and recorded muniments *428 of title, that 40% of the sales by Interstate Land Co. do not contain the challenged restriction, hence do not constitute a covenant running with the land, and binding inter sese the co-owners of lots in the intended subdivision.
Building restrictions, such as those in question, are valid and enforceable where inserted in deeds in pursuance of a general plan devised by the ancestor in title to maintain certain building standards; such restrictions inure to the benefit of all other grantees under a general plan of development, and are real rights running with the land, which the grantees or their successors in title may enforce by injunction. Murphy v. Marino, La.App., 60 So.2d 128; Munson v. Berdon, La.App., 51 So.2d 157; Salerno v. De Lucca, 211 La. 659; 30 So.2d 678; Alfortish v. Wagner, 200 La. 198, 7 So.2d 708; Edwards v. Wiseman, 198 La. 382, 3 So.2d 661.
However, where restrictive covenants do not appear in chains of title of half the lots of a subdivision, for which no general plan of subdivision or restrictions had been recorded, as obtains here, such restrictions will not be enforced as covenants running with the land against any of the grantees of original subdivider or their successors. Herzberg v. Harrison, La.App., 102 So.2d 554. The cited case, from our First Circuit Court of Appeal (1958) contains an exhaustive and clear review of our jurisprudence establishing this principle.
Where the restriction is not a covenant running with the land, it is personal to the creator of the restriction, in this case Interstate Land Co., whose existence is unknown or unaccounted for herein. Murphy v. Marino, La.App., 60 So.2d 128.
LSA-R.S. 13:4241 does require in a declaratory action that all persons having an interest and who may be affected thereby, should be joined as defendants and plaintiffs.
Since the recorded authentic acts conclusively show only 60% of the sales contain the building and use restriction, and necessarily affect all alike legally and factually, it would serve no purpose to require their being joined as Defendants.
Accordingly, the Declaratory Judgment of the District Court holding that Square No. 65, owned by St. Rita, is not bound by the challenged restrictions, but freed therefrom and, without passing upon but expressly pretermitting the constitutionality of Act 448 of 1960, which has no application here, the judgment is affirmed.
Judgment affirmed as qualified.
JANVIER, J., took no part.