517 So.2d 914 (1987)
Michael RITTER, et ux., Plaintiffs and Appellants,
v.
Ronnie FABACHER, et al., Defendants and Appellees.
No. 86-857.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
*915 Chambers & Trahan, Noble M. Chambers, Jr., Crowley, for plaintiffs and appellants.
Edwards, Stefanski & Barousse, Stephen A. Stefanski, Crowley, for defendants and appellees.
Before DOMENGEAUX, GUIDRY and DOUCET, JJ.
DOMENGEAUX, Judge.
Plaintiffs, Michael Ritter and Marlene L. Ritter, instituted this suit against defendants, Ronnie Fabacher and his wife Jo Frey Fabacher, and Mr. and Mrs. Herman Reed, seeking to enjoin the Fabachers from residing in a mobile home on certain property owned by the Reeds, located in the Alcide Amy Subdivision in Iota, Louisiana. The Ritters own two lots in the Alcide Amy Subdivision.
Ronnie and Jo Fabacher moved a trailer onto lots four and five of block A in the Alcide Amy Subdivision with the permission of the owners, Mr. and Mrs. Herman Reed. In bringing the suit for injunction, the Ritters allege that the Alcide Amy Subdivision was made subject to various restrictions by an act of dedication filed in the conveyance records of Acadia Parish. They further allege that the Fabachers' maintenance of the trailer on property within the subdivision violates a restriction prohibiting the the use of trailers as residences within the subdivision. In answering these allegations, the defendants allege that a general abandonment of all restrictions had occurred, and that an abandonment of a particular restriction against the defendants' conduct had also occurred.
After trial, the district judge concluded that, unless the subdivision had abandoned the particular restriction or the entire plan, the Fabachers' use of the trailer as a residence within the subdivision is a violation of the subdivision restrictions. He further concluded that the entire plan had not been abandoned but that the restriction prohibiting the use of trailers as residences had been abandoned. For that reason, he rendered judgment in favor of the defendants denying the plaintiffs' request for injunctive relief. The plaintiffs have appealed this judgment.
On appeal the plaintiffs contend that the trial court erred in finding that there had been an abandonment of the restriction pertaining to the use of trailers in the Alcide Amy Subdivision, Extention No. 1.
The restriction pertinent to the issue presented here states the following:
6. No temporary buildings of any character shall be erected on the said subdivision, nor shall any house, buildings or other structure be moved into said subdivision, nor shall any structure of a temporary character, trailer, basement, tent, garage, barn or other out building be used at any time as a residence either temporarily or permanently, except that quarters for occupancy by the owner's servants may be erected.
Plaintiffs argue that this restriction makes a number of prohibitions, each of which must be considered separately in determining whether an abandonment has been made. Specifically, the plaintiffs argue that the prohibition against moving any "house, buildings or other structure" into the subdivision should not be considered when determining whether the residents abandoned the prohibition against using a trailer as a residence.
To determine the merits of this argument we must first review the relevant law.
Civil Code article 782 provides:

*916 Building restrictions terminate by abandonment of the whole plan or by a general abandonment of a particular restriction. When the entire plan is abandoned the affected area is freed of all restrictions; when a particular restriction is abandoned, the affected area is freed of that restriction only.
Civil Code article 783 provides:
Doubt as to the existence, validity, or extent of building restrictions is resolved in favor of the unrestricted use of the immovable.
In Gwatney v. Miller, 371 So.2d 1355 (La.App. 3rd Cir.1979), this Court examined the requirements for abandoning building restrictions in a case where it was alleged that a restriction against non-residential use had been abandoned. In Gwatney, the court stated the following at pages 1361, 1362:
It is not every violation of a building restriction which will constitute its abandonment. Insubstantial, technical or infrequent violations which do not manifest an intent to subvert the original plan or scheme of development will not constitute an abandonment of the restrictions. However, when the property owners can be regarded as having abandoned the plan of development which the restrictions were intended to implement by virtue of their acquiescence to frequent and numerous violations thereof, such restrictions are considered abandoned. Edwards v. Wiseman, 198 La. 382, 3 So.2d 661 (1941)....
Whether there has been acquiescence in violations of subdivision restrictions sufficient to defeat enforcement of the restrictions depends upon the circumstances of each case, including particularly the character, materiality and number of the violations. Guyton v. Yancey, 240 La. 794, 125 So.2d 365 (1960). As a result of the alleged abandonment of the restriction in dispute a substantial change in the intended nature of the subdivision must take place. Guyton, supra; Marquess, supra [188 So.2d 721 (La.App.1966) ]; Adair v. Chrysler, 212 So.2d 552 (La.App. 2nd Cir.1968); See also Plauche v. Albert, 42 So.2d 876 (La. App. 1st Cir.1949); Melrose Civic Association v. Universal Builders, Inc., 289 So.2d 521 (La.App. 1st Cir.1973), writ refused, 293 So.2d 167 (La., 1974).
Taking the building restrictions as a whole, it is apparent that they are intended to maintain the subdivision as a residential neighborhood. To that end, paragraph 2 restricts the use of the subdivision to residential purposes, and limits structures to one or two-story detached single-family dwellings, garages and other appropriate out-buildings. Paragraph 3 specifically prohibits use of property within the subdivision for commercial purposes. Paragraphs 4, 5 and 6 regulate the physical characteristics of structures within the subdivision. Paragraph 4 regulates the size of homes and paragraph 5 regulates the materials which can be used to cover the exteriors of all structures.
Paragraph 6 continues regulation of the physical characteristics of structures by prohibiting the erection of temporary buildings, the movement of structures into the subdivision, and the use of particular structures, including trailers, as residences. It is apparent that the purpose of this restriction is to maintain a certain uniformity of style within the neighborhood which would be disturbed by the presence of temporary buildings, movable homes and trailers. The physical characteristics which these structures have in common includes the sense of temporariness, which could conflict with the more enduring style of structures actually built on the ground. The fact that the structures prohibited by paragraph 6 also have characteristics which distinguish them from one another does not alter the fact that they have this one characteristic in common which the restrictions intend to prevent from entering the neighborhood. Since it is this common characteristic which paragraph 6 attempts to regulate, we do not agree with the plaintiffs that each type of structure referred to in the restriction must be considered separately when determining whether an abandonment has occurred. Paragraph 6 must be read as a whole, with a view towards its *917 apparent purpose, and in light of all other restrictions.
As stated in Gwatney, supra, whether there has been acquiesence in violations of paragraph 6 sufficient to defeat its enforcement depends upon the circumstances of the case, including particularly the character, materiality and number of violations.
In this case we are not in as good a position as the trial judge to determine the character and severity of the building restriction violations which occurred. The record in the case consists of the testimony of various witnesses and a number of photographs of alleged violations within the subdivision. Most of the testimony is made with respect to the photographs. The trial judge had the benefit, not only of the live testimony of the witnesses and the photographs introduced into evidence, but also of an onsight inspection of the subdivision, accompanied by the parties' attorneys. We have had no such opportunity. In a case such as this, where the law requires the determination of the character and materiality of the violations, as well as the number of violations, such first hand observations are extremely valuable.
Our review of the record reveals that out of approximately twenty homes located in the Alcide Amy Subdivision, five have been moved into the subdivision and one is a trailer. The trial court concluded that these violations were "numerous and substantial and reflect an intent by the property owners to accept the violations of this restriction resulting in abandonment of the restriction by their acquiescence." After examining the record in this case, noting particularly the photographs of the movable homes and trailer, we cannot say that the district judge was manifestly erroneous in reaching this conclusion. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Homes violating paragraph 6 account for over twenty-five percent of the homes in the subdivision. The trial judge clearly concluded that the violations altered the original character of the neighborhood. The photographs, which we admit cannot give us a complete picture of the subdivision, support the trial judge's conclusions. For these reasons we conclude that the trial judge was not manifestly erroneous in concluding that the owners of property in the Alcide Amy Subdivision Extention 1 have abandoned the restriction of paragraph 6 through their acquiescence to violations of its prohibitions. Therefore, he correctly denied the relief requested by the plaintiffs.
For the above and foregoing reasons, the judgment of the district court is affirmed. Costs on appeal are assessed against the plaintiffs.
AFFIRMED.
GUIDRY, J., dissents and assigns reasons.
GUIDRY, Judge, dissenting.
I find merit in appellants' argument that restriction number 6 of the Alcide Amy Subdivision creates a number of prohibitions which must be considered separately in determining whether an abandonment has occurred.
The evidence in this case reflects that, contrary to restriction number 6, several movable homes had been moved into the subdivision. The type of structure referred to as a "movable home" is not the same as a trailer home, in that, a movable home is a frame residence building constructed off the premises but moved onto the premises after construction. In contrast, a mobile home or trailer usually refers to a metal structure on wheels which is blocked up after being moved onto the premises but which can easily be moved off etc. The record evidence reflects that there are approximately 20 homes located in the subdivision. Of these 20 structures, five are movable homes and one is a trailer. In the instant case, although the restriction against moving a "house, building or other structure" into the subdivision may have been abandoned, in my opinion, there has not beeen an abandonment of the prohibition against moving a house trailer into the subdivision. The record reflects that there is only one trailer in the subdivision which was moved therein by the Fabachers. For these reasons, I would reverse the judgment *918 of the trial court and grant the injunction prayed for by the plaintiffs.
I respectfully dissent.