REGAN, Judge.
The plaintiffs, Metry Club Gardens Association and eight property owners who reside in the Metairie Club Gardens Subdivision, instituted this suit endeavoring to obtain an injunction ordering the defendant, Harold W. Newman, to remove or alter several structures on his property which forms a part of the aforesaid subdivision in conformity with certain building restrictions binding thereon.
The defendant answered and pleaded the exceptions of no right or cause of action, and the exception of prescription of two years predicated on the rationale emanating from LSA-R.S. 9:5622.[1] After hearing testimony and argument of counsel in support of the exception of prescription, the lower court rendered a judgment maintaining the defendant’s exceptions, and therefore dismissed plaintiffs’ suit at their cost. From this judgment the plaintiffs have appealed.
The petition relates that R. M. Short, wife of/and Francis D. Reilly, defendant’s ancestors in title, acquired the property in question on April 26, 1954, subject to the following building restrictions which were inscribed in their act of sale:
“The hereinabove described property is sold by the vendor and accepted by the purchaser herein subject to the following restrictive covenants:
“1. The minimum cost of any residence to be erected upon any lot in this subdivision is fixed as $15,000.00. No building shall be located nearer than 30 feet to the front property line, nearer than 10 feet to the side lines, and nearer than 10 feet to the rear line of the lot. All garages or other outbuildings shall correspond in style and architecture to the main building and shall be located within the above area.
“7. Here the said purchaser declared that he understood and agreed that all of the foregoing conditions, stipulations and agreements shall be binding upon him, his heirs and assigns, and that they shall subsist and run with the land for fifty years from and after the year 1925, vesting in the vendor and any person or future owner or owners of property situated within this subdivision, and by those holding under them, the right to *581 prevent and prohibit the violation of the same and to enforce the same by any legal or proper methods whatsoever.”
The property was made subject to these restrictions in an act of sale from Mr. and Mrs. Reilly to Thomas B. Lemann, and in the act conveying the property from Le-mann to the defendant. Plaintiffs are now endeavoring to enforce these restrictions against the defendant by requiring him to remove or alter a carport and two concrete slabs located on either side of the defendant’s house so that they will no longer be within ten feet of the property line. These slabs were laid for the purpose of supporting two air conditioning compressors.
The only evidence inscribed in the record was that offered by the defendant in support of the exception of prescription. The defendant insists that the violations which form the subject matter of this litigation can no longer be enjoined since the present suit was filed on March 9, 1960, more than two years after the restriction was violated.
The record reveals that Salvador Vicari related that he poured the concrete slab for the carport on or before March 3, 1958. He so testified after he refreshed his memory from an affidavit which he executed on April 12, 1960. Similar testimony was also elicited from Harold Schwartz, who installed the up-right steel supports for the carport.
[1] The uncontradicted testimony of these two witnesses clarifies the fact that the construction of the carport was begun more than two years before the present suit was filed. Consequently, we are of the opinion that the lower court very properly maintained the defendant’s exception of prescription as to the carport.
However, the record is devoid of any evidence upon which to predicate a judgment relative to the two cement slabs used as a foundation for the air conditioning compressors. Therefore, this aspect of the suit must be remanded for the purpose of affording the defendant an opportunity to introduce into the record evidence of the date on which the cement slabs were constructed.
For the foregoing reasons the judgment of the lower court maintaining the defendant’s exception of prescription relative to the carport located on his property is hereby affirmed.
With respect to the cement slabs, which are used as a foundation for the air conditioning compressors, this case is hereby remanded to the District Court for the purpose of accepting evidence as to the date of the construction thereof, which the plaintiffs insist violate the building restrictions imposed upon this property located in the subdivision.
All costs of this appeal are to be borne by the defendant-appellee, all other costs are to await the final determination of this litigation.
Affirmed in part and remanded.

. “A. Actions to enjoin or to obtain damages for the commission or continuance of a violation of restrictions contained in the title to land are prescribed by two years, reckoning from the commission of the violation. When this prescription shall have accrued, the particular parcel of land shall be forever free from the restriction which has been violated.”