HALL, Judge.
Plaintiffs prosecute this appeal from a judgment maintaining exceptions of no cause and of no right of action and dismissing their suit.
In their suit Metry Club Gardens Association jointly with eight individuals prayed for a judgment
“ * * * in the form of an injunction ordering the defendant, Harold W. Newman, to remove and/or alter the buildings on the property owned by him, being the south portion of Lot 28 of area H, Metairie Club Gardens, so that no building thereon shall extend to within less than 10 feet of either side line of said property.”
As shown by their petition plaintiffs base their prayer for injunctive relief upon certain restrictive covenants appearing in defendant’s claim of title to the subject property which they allege are binding upon defendant, he having acquired the property subject thereto. The restrictive covenants relied upon by plaintiffs are as follows:
“1. The minimum cost of any residence to be erected upon any lot in this subdivision is fixed at $15,000.00. No building shall be located nearer than 30 feet to the front property line, nearer than 10 feet to the side lines, and nearer than 10 feet to the rear line of the lot. All garages or other outbuildings shall correspond in style and architecture to the main building and shall be located within the above area.” (emphasis supplied)
Plaintiffs alleged defendant’s violation of these restrictions in the following particulars :
“That * * * the car-port adjacent to the home involved herein extends within 2 feet 6 inches of the side property line nearer ,to Northline Street.”
Plaintiffs also alleged defendant’s violation of the restrictions with relation to two concrete slabs for air-conditioning compressors located on either side of his residence, in that
“ * * * the concrete slab adjacent to the the home extends to within less than 10 feet of the side property line on the side nearer to Northline Street” and “ * * * the concrete slab for an air-conditioner compressor on the Englewood Parkway side of said property extends to within less than 10 feet of the side property line on that side.”
Plaintiffs’ suit which was filed on March 9, 1960 was met by a plea of prescription and exceptions of no cause of action and no right of action filed by defendant.
After hearing testimony on the plea of prescription the Trial Court maintained the plea and rendered judgment dismissing plaintiffs’ suit. He apparently did not hear argument on the exceptions of no cause and and of no right of action. On plaintiffs’ appeal this Court affirmed the judgment insofar as it maintained the plea of prescription relative to the car-port but remanded the case for the reception of further evidence with reference to the date of construction of the concrete slabs built as bases for air-conditioning compressors. (See 166 So.2d 579.)
On remand defendant elected not to pursue his plea of prescription but instead set the matter for hearing on his exceptions of no cause and of no right of action. After hearing argument thereon (no testimony was taken on the exception of no right of action) the Trial Court rendered judgment maintaining both exceptions and dismissed plaintiffs’ suit at their costs. Plaintiffs appealed. Defendant answered the appeal praying for affirmance of the *714 judgment and for damages for frivolous appeal. Tlie matter was submitted to this Court on briefs without oral argument.
Since the question of the car-port has been eliminated from the suit, the only-construction of which plaintiffs now complain are the two small (approximately 3 feet square) concrete slabs destined as bases for air-conditioning compressors.
On the exception of no cause of action defendant’s primary contention is that a concrete slab is not a “building” within the meaning of the restrictive covenants. Since we agree with defendant’s contention in this respect we find it unnecessary to discuss either his other contentions with respect to the exception of no cause of action or his contentions with respect to his exception of no right of action.
That these concrete slabs are neither “buildings” nor “garages or other outbuildings” seems too plain to us to admit of any argument. To say that a concrete slab is within the prohibition of the title restrictions herein involved would mean that an automobile driveway which extends to the sidewalk of the property would be in violation of the restrictions, a driveway being no more nor less than a “slab (or slabs) of concrete.” Such a construction of the restrictions would be an absurdity. The fact that the concrete slabs herein involved were laid as bases upon which to place a piece of machinery or other movable object does not alter the situation. Neither a concrete slab alone nor a compressor alone is a “building” or a “garage or other outbuilding,” and when a compressor is resting on its slab base the combination does not become in our opinion a “building” or a “garage or other outbuilding,” within the ordinary meaning of such terms.
It has been repeatedly held that restrictive covenants are stricti juris and that every doubt should be resolved against the party seeking to enforce the restrictions and in favor of the unencumbered and free use of the land and property. (See 26 C.J.S. Deeds § 163, page 1094; Herzberg v. Harrison, La. App., 102 So.2d 554; Chexnayder v. Rogers, La.App., 95 So.2d 381; Lillard v. Jet Homes, Inc., La.App., 129 So.2d 109.)
This case does not in our opinion warrant the imposition of damages for frivolous appeal.
For the foregoing reasons the judgment appealed from is affirmed and appellee’s prayer for damages for frivolous appeal is denied; appellants to pay costs of this appeal.
Affirmed.