129 So.2d 109 (1961)
David C. LILLARD, Jr., Plaintiff-Appellant,
v.
JET HOMES, INC., Defendant-Appellee.
No. 9458.
Court of Appeal of Louisiana, Second Circuit.
April 12, 1961.
*110 Lee & Taylor, Shreveport, for appellant.
Charles M. Peters, Shreveport, for appellee.
AYRES, Judge.
Plaintiff seeks, by injunctive process, the enforcement of certain alleged restrictive covenants, or real rights, imposed by the original owner upon Units Nos. 8 and 9 of the Coleman Park Subdivision of Bossier City, Bossier Parish, Louisiana, which are allegedly being violated by the defendant. To plaintiff's action, defendant filed and successfully urged an exception of no cause and of no right of action. From a judgment thus dismissing his action, plaintiff prosecutes this appeal.
The exception of no cause and of no right of action is predicated upon the affirmative allegations of plaintiff's petition: (1) That plaintiff is the owner of property located within Coleman Park Subdivision, Unit No. 8, whereas the purported violations are allegedly occurring upon property of the defendant located in Coleman Park Subdivision, Unit No. 9; and (2) that the property comprising each of said subdivisions which were separately created by plats separately filed and recorded are covered and affected by separate and distinct sets of recorded, restrictive covenants. In this connection, it may be pointed out no legal basis is alleged for plaintiff's right to enforce restrictive covenants affecting a subdivision in which he owns no property or to extend and impose, upon property in another subdivision, restrictive covenants affecting property of the subdivision in which he does own property.
The facts disclosed by plaintiff's petition, the correctness of which we must accept for the purpose of giving consideration to an exception of no cause of action, may be, so far as relates to this exception, briefly reviewed. Subdividers, Inc., on December 22, 1958, while the owner in its entirety of the aforesaid subdivision, denominated Unit No. 8, recorded a declaration of restrictive covenants affecting only the property contained in that unit. On April 7, 1959, Subdividers, Inc., while the owner in its entirety of that subdivision denominated Unit No. 9, recorded a declaration of restrictive covenants covering and affecting only the property contained in that unit. Through mesne conveyance, plaintiff, on May 22, 1959, acquired the ownership of Lot 145 of the aforesaid Unit No. 8. Defendant, by deed from Subdividers, Inc., dated April 27, 1959, acquired, along with other property, Lots 250, 251, and 252 of Unit No. 9. Lot 250 is contiguous to and has a common boundary with plaintiff's Lot 145 of Unit No. 8; Lot 251 is contiguous to and has a common boundary with Lot 250 and the same relationship exists between Lots 251 and 252.
At the time plaintiff instituted this action, defendant was engaged in constructing a residence on each of the three aforesaid lots. Plaintiff alleged that said construction violated the 5-foot setback from the interior property lines and the 30-foot set-back from the front property lines, as required by the aforesaid restrictive covenants identical in character as to both units. Injunctive relief was asserted as necessary to enforce the restrictive covenants and to protect and preserve plaintiff's rights and interests.
On this appeal, plaintiff makes four specifications of error which he alleges were made by the trial court. These, briefly stated, are: (1) that neither plaintiff nor defendant was afforded ample time and opportunity to properly prepare and file briefs on the trial of the exception; (2) that the judgment sustaining the exception was contrary to the general rule appertaining to such matters and to the established jurisprudence of this State; (3) that the court *111 particularly erred in failing to hold that the two subdivisions denominated Units Nos. 8 and 9 of the Coleman Park Subdivision were not, in truth and in fact, one subdivision, or that, as allegedly shown by street dedications and easements granted for utilities, Unit No. 9 was not a continuation of Unit No. 8; and (4) that the court erred in holding that plaintiff owning property in subdivision denominated Unit No. 8 was without legal right to enforce restrictive covenants applicable to and affecting subdivision denominated Unit No. 9 in which he owned no property.
We find no error as to the first of these specifications. No objection was made to the time allowed for the filing of briefs and no request was made for an extension of time for that purpose. Moreover, after the exception was sustained, no application for rehearing was made. It is apparent that no prejudice resulted and the error complained of is without merit.
We likewise find no error as relates to plaintiff's third specification. Under this specification plaintiff takes the position that the two subdivisions are in fact only one subdivision or, differently stated, that Subdivision Unit No. 9 is merely a continuation of Subdivision Unit No. 8. Should this position be sustained, plaintiff would thereby bring either himself and his property under the protection of the restrictions affecting Coleman Park Subdivision Unit No. 9, wherein, as stated, he owns no property, or he would subject the defendant and its property to the restrictions affecting Coleman Park Subdivision Unit No. 8, wherein it owns no property.
To hold that the two subdivisions are in reality only one subdivision, or that the latter is a continuation of the former, the intent and purpose of the developer would be wholly disregarded because, in truth and in fact, the subdivisions were platted separately, and separate and distinct declarations of restrictions were prepared and recorded as to each of the units. Separate dedications for streets and utilities were also made. The record, as evidenced by plaintiff's petition and the documents attached thereto, clearly establishes that two separate subdivisions were created.
In the second of plaintiff's specifications of error, it is contended that the action of the trial court, in sustaining the exception, was contrary to the established jurisprudence of this State, as well as the rule prevailing generally. There is no question raised as to the correctness of the rule prevailing in this State. Where restrictive covenants are imposed upon an area included within a single subdivision or plan of development, the restrictions are characterized as real rights running with the land and not merely rights personal to the vendor. They inure to the benefit of, and are consequently enforceable by, all other grantees of property in the subdivision which come under the same plan of development. The remedy of one grantee to prevent a violation of, or to enforce a compliance with, the restrictions by another is by injunction. Edwards v. Wiseman, 198 La. 382, 3 So.2d 661; Ouachita Home Site & Realty Co. v. Collie, 189 La. 521, 179 So. 841; Hill v. Wm. P. Ross, 166 La. 581, 117 So. 725; Queensborough Land Co. v. Cazeaux, 136 La. 724, 67 So. 641, L.R.A.1916B, 1201; McGuffy v. Weil, 240 La. 758, 125 So.2d 154; Id., La.App. 2d Cir., 1960, 120 So.2d 358.
Defendant does not question the correctness of the aforesaid legal principles, but contends these principles are without application to plaintiff's case. Where these principles must be applied to determine one's right to enforce a covenant, it becomes necessary to define (1) a "plan of development," as referred to herein, (2) the basic nature of the rights acquired, and (3) a grantee under such plan of development. Where a tract of land is subdivided into lots and burdened with restrictive covenants, real rights are created running with the land in favor of each and all of the grantees. The basis of the creation *112 of this right is the mutuality of burden and the mutuality of benefit as between the grantees arising out of the imposition of such restrictions on the land itself. This mutuality of burden and benefit constitutes reciprocal promises as between the grantees, each supported by that of the other. Restatement of the Law of Property, Vol. V, Chap. 45, Sec. 537, p. 3224.
In determining what constitutes a general plan of development creating these reciprocal rights, and what area is included therein, certain standards are applied, among which are that an intent on the part of the original grantor to establish such a plan must be found from either his language or conduct, and the area covered by the scheme must be described so as to be clearly ascertainable.
As was observed by the Supreme Court in McGuffy v. Weil, 240 La. 758, 125 So.2d 154, 158,
"The law favors the free and unrestrained use of immovable property. It follows that any doubt as to the interpretation of a servitude encumbering property must be resolved in favor of the property owner. LSA-Civil Code, Article 753. The intention of the proprietor to establish a servitude must clearly appear from the title document. Noel Estate v. Kansas City Southern & Gulf Ry. Co., 187 La. 717, 175 So. 468; Clark v. Reed, supra. [La.App., 122 So.2d 344]"
Applying these tests to the facts of the instant case, each of these separately-platted subdivisions constituted a separate and distinct development. No representation is contained in the declaration of restrictive covenants indicating what action would be taken or what restrictive covenants would be created and imposed by the common grantor in the formation of any other or later subdivisions. Anyone not a grantee within the particular area or subdivision covered by the restrictions in question acquires no right thereunder as there is no mutuality of benefit or mutuality of burden as between his lot in one subdivision covered by one set of general restrictions and a lot in another subdivision covered by another different, distinct, and separate set of general restrictions. This lack of mutuality, or privity, prevents the creation of the real right, or the extension of the real right burdening one defined area to another area not described or included therein.
26 C.J.S. states the general rules to the effect that
"* * * A restrictive covenant is not enforceable in equity by one not the owner of, or without interest in, the land for the benefit of which the restriction was imposed. * * *" Verbo Deeds § 167(1), p. 1136;
and,
"Where the owner of a tract of land subdivides it and sells distinct parcels thereof to separate grantees, imposing restrictions on its use pursuant to a general plan of development or improvement, such restrictions may be enforced by any grantee against any other grantee, * * *."
However,
"* * * The owner of adjoining land, not included within the plan, cannot enforce the restrictions. * * *" § 167(2).a., pp. 1143-1145.
And, as to the property subject to restrictions, it is said:
"A restriction will not extend to land not referred to therein, and, in the absence of a manifest intention to the contrary, a general covenant will be construed as limited to the premises purchased; * * *." § 163.a., p. 1105.
Moreover,
"* * * The purchasers of lots in a subdivision containing restrictive covenants pursuant to a general building plan cannot, because they are such purchasers, *113 enforce restrictive covenants relating to lots in other subdivisions subsequently platted by the same owner." § 167(2).a., p. 1147.
The jurisprudence of this State conforms to the aforesaid general principles. As was said in Murphy v. Marino, La.App. 1st Cir., 1952, 60 So.2d 128, in order to create a binding covenant running with the land in a subdivision which is enforceable by any purchaser of property therein, there should be a uniform plan of restriction applicable to the subdivision as a whole, or to a particular part of the subdivision known to each purchaser, and, thereby, by reference or by implication, forming a part of his contract with the subdivider. See, also, Salerno v. De Lucca, 211 La. 659, 30 So.2d 678; Alfortish v. Wagner, 200 La. 198, 7 So.2d 708.
Restrictive covenants are not to be extended by implication to affect lands not specifically described or to grant rights to persons in whose favor it is not clearly shown such restrictions are to apply. The basic principle is that restrictive covenants are stricti juris and that every doubt should be resolved against the party seeking to enforce the restrictions and in favor of the unencumbered and free use of the property. McGuffy v. Weil, supra; Salerno v. De Lucca, supra; Begnaud v. Hill, La.App. 1st Cir., 1959, 109 So.2d 562.
In the Begnaud case it was held that, in an action to enforce restrictive covenants on a piece of property allegedly situated in a subdivision where the evidence failed to show that plaintiffs owned any property, they were without interest in the litigation and not entitled to maintain the action. It was also held that the purchasers of lots in a subdivision covered by restrictive covenants could not enforce such restrictive covenants against lots or land subsequently sold or platted by their vendor not included in, but specifically excluded from, the subdivision.
Thus, it clearly appears that, unless the party seeking to enforce a restrictive covenant is a grantee under such covenant, he is without interest or right to enforce it. The plaintiffs in the Begnaud case owned property adjacent to the subdivision affected by the restrictions. They owned no property within the subdivision itself. It was there held they had no interest to enforce the restrictions. The same situation exists here. Plaintiff owns no property in the subdivision denominated Unit No. 9. Hence, he has no right or interest to enforce the restrictions applicable to that subdivision.
Nor, in view of the requirements that the restrictions clearly define and describe the property to be affected, do we find any merit in plaintiff's contention that, by street dedications and utility easements, Unit No. 9 is merely a continuation of Unit No. 8.
Nor do we find any merit in plaintiff's fourth specification of error, for, inasmuch as plaintiff is without right or interest to complain of the violations of restrictive covenants encumbering property in a subdivision in which he owns no property, it is immaterial as to whether the violations result from the acts of the developer or subdivider. Nevertheless, it may be pointed out that the original developer and subdivider is not charged with violating the restrictive covenants.
The exception was, for the aforesaid reasons, correctly and properly, in our opinion, sustained. The effect of the judgment, however, is that plaintiff's action was dismissed as of nonsuit inasmuch as the judgment would not bar or preclude another suit predicated on another or different cause of action (LSA-C.C. Art. 2286), since the action does not come within one of the classes of actions to which the rule is established that a judgment is conclusive not only as to the matters raised and decided but also as to all matters which might have been pleaded, excepting, of *114 course, matters of public policy (Taylor v. Williams, La.App. 2d Cir., 1958, 107 So. 2d 319), even though the judgment would constitute res judicata as to the same cause of action (Ascher v. Midstates Oil Corp., 222 La. 812, 64 So.2d 182, 188), and it will be, accordingly, amended.
The judgment appealed is, therefore, amended to the extent of dismissing plaintiff's action as of nonsuit and, as so amended, it is affirmed at plaintiff-appellant's cost.
Amended and affirmed.
HARDY, J., absent.
BOLIN, J., recused.