Homer I. NELSON et al., Appellants,

v.

Truett W. FLACHE, Individually and as Trustee, Appellee.

No. 8248.

Court of Civil Appeals of Texas, Amarillo.

Nov. 13, 1972.

Rehearing Denied Dec. 11, 1972.

Ray D. Anderson, Brownfield, Crenshaw, Dupree & Milam, Joe V. Boerner, Jr. & Cecil Kuhne, Lubbock, for appellants.

McGowan & McGowan, Bill McGowan, Brownfield, for appellee.

JOY, Justice.

Suit for declaratory judgment was filed by Truett W. Flache, appellee, against Homer I. Nelson, H. W. Nelson and others, appellants, to determine whether appellants are such parties that have a right to complain of certain restrictions being removed from lots owned by appellees. The trial court entered judgment declaring that appellants have no right to enforce the restrictive covenants contained in the dedication deed of the Flache Addition in the City of Brownfield, Texas. The judgment of the trial court is affirmed.

The case was tried before the court without the intervention of a jury. Factually, the case is developed by both stipulation and testimony. Pursuant to appellants' request, findings of fact and conclusions of law were filed by the trial judge and are part of the transcript on this appeal.

The property which forms the basis of this law suit is the Flache Addition, located in Brownfield, Texas. On June 30, 1960, Lizzie Flache, the then owner of all the property in the addition, executed a replat and resubdivision of substantially all the blocks within the addition. The dedication deed effecting the replat adopted restrictions and covenants to be applicable to certain numbered blocks, among which were blocks 14, 15, 16, 17, 19, 20, 21, 22, 23 and 24. This appeal involves the enumerated blocks and lots enclosed therein. The essence of the restrictive covenants is embodied in the first covenant which states:

"1. No building shall be erected on said above described land except that it be for residence purposes, and no building shall ever be used as a place of business."

The remaining restrictions and covenants contain refinements of the restriction to residential purposes, easements, term of the covenants and a saving clause. In 1969, subsequent to the dedication deed, the Flache family still owned a majority of the property within the addition. They determined to give blocks 19, 20, 23 and 24 to the hospital district to use for hospital premises. At the same time it was determined that thirteen lots should be released for commercial purposes. Eleven of these lots are located across the street and to the south of the hospital site and are in the northern half of blocks 15 and 16. Also included are lots 1 and 2 of block 17 located southwest of the hospital site. The right to enforce the restrictions and covenants contained in the dedication deed, and which pertained to the specified lots, was released by all property owners whose property was restricted by

the dedication deed and these releases were recorded in Terry County, Texas.

With the exception of those blocks given to the hospital district and one lot dedicated to be a public park, appellants purchased all of the lots which had been released for commercial purposes. At the time appellants purchased their property, they had knowledge of the fact that the right to enforce the restrictions and covenants contained in the dedication deed of the Flache Addition had been released by all of the owners of property subject to the restrictions within the addition. The deeds to appellants contained restrictive covenants restricting the use of their property to commercial purposes.

Blocks 14, 21, and 22 are located across the street and to the east of the hospital site. These lots, owned at the time of the law suit by appellee Truett Flache, individually and as trustee, are within the Flache Addition which is covered by the dedication deed containing the above stated restrictions and covenants. Appellee has obtained releases on blocks 14, 21 and 22 of any right to enforce the restrictive covenants from all of the owners of restricted property in the Flache Addition, but no release has been obtained from the appellants. This declaratory judgment action was brought by appellee against appellants for the purpose of determining what right, if any, appellants have to enforce the restrictions and covenants contained in the dedication deed.

■ ■ Appellants' first point of error sets forth their contention that the trial court erred in rendering judgment for the appellee because appellants are owners of lots within the Flache Addition and their consent must be given before the restrictions upon that addition may be modified. This contention is premised upon the well settled rule that one owner in a restricted subdivision cannot modify the restrictions applicable to that subdivision without the concurrence of all the property owners within the addition. 16 Tex.Jur.2d Covenants § 119 (1960); Farmer v. Thompson,

289 S.W.2d 351 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n. r. e.). Although we agree with the general proposition of law, we do not believe it is applicable here. We overrule the first point of error on the basis that the restriction in this particular case had been abrogated or modified on an ex parte basis and not under circumstances requiring concurrence of other parties as more fully discussed in our treatment of appellants' point three.

The trial court in its conclusions of law one and two held as a matter of law that the defendants, having purchased their property after it had been released from the restrictive covenants contained in the dedication deed, were not members of a group of persons for whom the restrictions were imposed. Therefore, they were not entitled to have such restrictive covenants enforced against the lots in question. Appellants, in their third point, allege that the trial court is in error in these conclusions of law. We agree with the trial court.

■ It was a matter of public record that the lots purchased by the defendants had been released from the restrictions prior to defendants' purchase of those lots. Well established is the principle that the owner of property may create a building plan by imposing restrictions upon the land that he owns and sell the property subject to those restrictions so long as they do not contravene public policy. Bein v. McPhaul, 357 S.W.2d 420 (Tex.Civ.App.— Amarillo 1962, no writ); Curlee v. Walker, 112 Tex. 40, 244 S.W. 497 (1922). Likewise, the owner can abrogate the restrictions entirely or modify them to any degree as long as the matter remains ex parte. Hill v. Trigg, 286 S.W. 182 (Tex. Comm'n App.1926). That is what was effectively done in the present case. At the time all of the owners released their right to enforce the residential restrictions against those lots acquired by the defendants, the restrictions as to the defendants were vitiated and rendered inapplicable to the land they subsequently purchased. Thus, having been released from the burden of the restrictions, the land no longer

carried a reciprocal right to enforce restrictions against the property which remained burdened by the residential restrictions because that right, as a matter of law, no longer existed. An analogous situation was presented by Smith v. Williams, 422 S.W.2d 168 (Tex.Sup.1967) wherein certain property owners, as plaintiffs, sought to enforce restrictive covenants which had been applied to their lots through a dedication deed of 1946. The plaintiffs in that case had purchased their lots after the land in the original dedication had undergone a series of replats and subdivisions. Our Supreme Court stated at page 172 of the opinion:

> ". . . The purchasers of lots in the various subdivisions are charged with knowledge, . . . of the terms of the 1946 dedication and of the rededication applicable to their particular property. They thus are deemed to have known that the area in which they were buying had been rededicated and was being sold by the owners thereof under a plan that was at substantial variance with the original scheme for the development of Ridglea Hills. This was enough to suggest that the 1946 dedication had no application to their property and that the portion of Ridglea Hills in which their lots lay was being developed as a separate unit. While the owners of part of the addition could not bind the remaining owners by releasing the restrictions, they could waive for themselves and their property the right to enforce the restrictions against other property in the subdivision."

In the present case the releases given by all of the property owners prior to the defendants' purchase were a matter of public record and, in fact, the defendants were well aware that the releases had been executed. Having purchased their property under these circumstances they are in the position of being an owner of property outside of the addition. It is well settled that property owners of one subdivision of an addition have no standing to enforce the restrictive covenants applicable to separate and distinct subdivisions. Jobe v. Watkins, 458 S.W.2d 945 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). Appellants here have no more standing to enforce the restrictive covenants limiting those lots, not owned by them, to residential purposes than would a mere stranger. Appellants' point of error number three is overruled.

■ Appellants maintain in their second point of error that the trial court erred in rendering judgment for the appellee because they, the appellants, paid an enhanced price for their lots based on their reliance that the residential use restrictions would be in force and effect upon the remaining property in the Flache Addition. Appellants requested no additional findings of fact or conclusions of law based on this contention and none were filed. They are therefore deemed to have waived any support a finding would have given them in their contention. Gasperson v. Madill National Bank, 455 S.W.2d 381 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.). Even assuming that appellants did not waive the theory that they were persons within a group who may enforce the restrictive covenants contained in the dedication deed because they had paid an enhanced price for their property in reliance upon the restrictions, as the trial court found that appellants were not persons who may enforce the restrictions, the element of the theory that representations were made that the restrictions would not be removed from any of the other property, thus inducing appellants to pay an enhanced price for their property, is presumed to be found by the trial judge in support of his judgment. Rule 299, Texas Rules of Civil Procedure. There is evidence in the record which would support such a presumed finding. Appellants' second point of error is overruled.

Our ruling as already stated herein also pertains to appellants' other points and they are overruled.

The trial court's judgment is affirmed.