This is an appeal from a judgment of the circuit court construing certain deeds containing restrictive covenants and denying injunctive relief. We affirm.
The appellant, Marengo Hills, Inc., developed a subdivision in Demopolis, Alabama, called Marengo Hills. The subdivision is limited to single family dwellings with accessory *Page 857 
structures customarily incidental to residential occupancy. The subdivision was developed in stages.
In 1971, the appellees, Mr. and Mrs. Watson, purchased lot 3, Block M, in the Third Addition of Marengo Hills. Shortly thereafter they constructed their residence on this lot. The Watsons had for sometime expressed an interest in purchasing another lot which joined their property. The Watsons were given a verbal commitment by the appellant that they could purchase the second lot as soon as it was subdivided, platted and recorded.
In early 1975, the plat for the Fourth Addition of Marengo Hills subdivision was recorded and subsequently, the Watsons purchased lot 4, Block M in the Fourth Addition. This lot was behind the Watsons' home and the two lots shared a common boundary. The Watsons constructed a 50' X 24' garage on lot 4 which the subject of this lawsuit. In May, 1976, the appellant, Marengo Hills, Inc., brought this action seeking an injunction ordering the defendants to remove the garage structure previously erected on lot 4, Block M, Fourth Addition of Marengo Hills subdivision. The complaint alleged that the garage violated certain restrictive covenants set out below.
 (2) That all lots in the above described property shall be known and described as residential lots, and no structures shall be erected, altered, placed or permitted to remain on any residential building lot in said blocks other than one detached single-family dwelling, not to exceed two and one-half stories in height, and accessory structures customarily incidental to residential occupancy.
 (3) No building shall be located on any residential building lot nearer to the front lot line than the minimum building set back line as shown on the recorded plat. No building, except a garage or other out-building located 75 feet or more from the front lot line shall be located nearer than 10 feet to any side lot line.
 (4) Nothing herein contained shall prevent a purchaser from purchasing two or more adjoining lots for the purpose of constructing a dwelling on the composite area thereof, in which event the entire area shall be treated as one residential building lot for the purpose of these restrictive covenants; provided, however, that after construction of a dwelling on any such composite residential building lot, the owner thereof may not sell any one of the lots as originally laid out, separately from the others, unless the dwelling located on the remaining lot or lots complies in all respects with the provisions of Item 3 hereof.
 (5) The lot lines of the lots covered by these covenants shall not be in any way altered or rearranged so as to effect a resubdivision of any lot or lots described herein, nor shall any fractional lot be sold, unless the same is sold in conjunction with a full lot, the entire area to be used as one residential dwelling lot. [Emphasis added.]
After a trial without a jury, the circuit court issued an order finding that: lot 3, Block M, Third Addition and lot 4, Block M, Fourth Addition, constituted one composite lot within the meaning of Covenant 4; that the garage structure erected on lot 4, Block M was an accessory structure customarily incidental to residential use and that the structure was not unsightly. Accordingly, the court refused the injunctive relief with respect to the removal of the garage.
Thus the issue, narrowly framed is whether under these particular circumstances the two adjoining lots, in different subdivisions, can be joined so as to constitute one composite lot and thereby conform to identical restrictive covenants applicable to each subdivision. So far as we are informed this precise question has never been decided in Alabama and our research has not revealed a case on this point elsewhere.
We recognize the general rule that where a subdivision is developed in sections *Page 858 
and each section is platted and recorded at different times, restrictive covenants for each particular section apply only to lots within that section. Therefore, the owner of a lot in one section cannot enforce restrictive covenants applicable to a lot in another section of the same subdivision. Lillard v. JetHomes, Inc., 129 So.2d 109 (La.Ct. of App. 1961).
This general rule appears to have developed in situations where a property owner in one subdivision attempted to enforce restrictive covenants against a property owner in another subdivision. Craven County v. First Citizens Bank Trust Co.,237 N.C. 502, 75 S.E.2d 620 (1953); Rooney v. Peoples Bank ofArapahoe County, 32 Colo. App. 178, 513 P.2d 1077 (1973); Nelsonv. Flache, 487 S.W.2d 843 (Tex.Civ.App. 1972); Reid v. StandardOil Co., 107 Ga. App. 497, 130 S.E.2d 777 (1963); Lillard,supra.
These cases refer to the enforceability of restrictive covenants and they are not appropriate authority for the determination of the effect of restrictive covenants. The appellant has urged this court to recognize that the principle espoused in the above cited cases, regarding the divisibility and distinctiveness of separate plats within the same subdivision is dispositive of the issue before the court. We cannot say that the fact that the Third Addition was subdivided and recorded four years before the Fourth Addition creates an absolute proscription against joining one Third Addition lot and one Fourth Addition lot to create one composite lot.
In Kennedy v. Henley, 293 Ala. 657, 309 So.2d 435 (1975), this court addressed the effect as opposed to the enforceability of restrictive covenants.
 "Restrictive covenants are to be construed according to the intent of the parties in the light of the terms of the restriction and surrounding circumstances known to the parties. (Citations omitted.)
 "Restrictions against the free use and enjoyment of property are not favored in law and such restrictions are to be strictly construed." (Citations omitted.) Kennedy, supra, at 662, 309 So.2d at 439.
The circuit court determined that the garage structure was "an accessory structure customarily incidental to residential use." This finding is supported by the evidence and is not questioned on appeal. The erection of such a structure is expressly sanctioned in Covenant (2), therefore the intent of the parties must be given effect through the construction of the covenants. The purchase of two adjoining lots and the treatment of the entire area as one residential lot is also expressly sanctioned in Covenant (4), therefore the intent of the parties should be given effect.
"The word `adjoining' in a description means next to, or in contact with . ." 6 Thompson on Real Property, § 3056 (1962 Replacement) at 646. Had the common grantor, Marengo Hills, Inc., wished to prohibit the purchase and joining of lots in different subdivisions, it could have expressed that limitation very clearly. Since they failed to do so, we will not extend the prohibitive and restrictive effect of Covenant (4) by implication. Cox v. Walter, 348 So.2d 454 (Ala. 1977).
Both lot 3, Block M, Third Addition and lot 4, Block M, Fourth Addition, were subject to the same restrictive covenants. The grantor was the same, the grantees were the same and the action made the basis of this law suit was within the express intention of the parties per the restrictive covenants. There was evidence that the Watsons had made persistent inquiries as to the availability of the subsequently purchased lot for four years. There was evidence presented, which if believed, indicated that Mrs. Breen, Vice-President of Marengo Hills, Inc., not only knew that a garage structure was to be erected on the lot, but that she also observed the structure itself during its early stages of construction. Expert testimony supported the position of the Watsons, and 18 or 20 of their neighbors testified that they did not find the structure objectionable. Evidence was presented indicating that the structure was built in accordance with local planning and *Page 859 
permit ordinances and that the structure cost some $4,000 to build.
We hold that under the circumstances here presented, Covenant (4) does not prohibit the joining of lots 3 and 4 to make one composite lot. The circuit court did not err in denying injunctive relief. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.