STOKER, Judge.
Plaintiff appeals from a trial court judgment sustaining defendant’s exception of no right or cause of action. We affirm.
Plaintiff filed suit seeking an injunction ordering defendant to remove a structure from his property. In the alternative plaintiff prayed for damages. Plaintiff alleged in her petition that she was the owner of and resided on Lot No. 232 of Greenbriar Estates, City of Lafayette, Louisiana.[1] Plaintiff further alleged that defendant was the owner of Lot No. 5, Greenbriar Estates, Extension No. 1 and that defendant had constructed a metallic structure impermissibly close to the property line of Lot No. 232 and that in so doing he had violated certain recorded subdivision restrictions applicable to Lot No. 5 of Greenbriar Estates, Extension No. 1. Plaintiff further alleged that she suffered' inconvenience, loss of use and enjoyment of Lot No. 232 in the amount of $5,000. Plaintiff prayed that defendant be ordered to remove the structure from his property. In the alternative, in the event the structure was not found to violate the subdivision restrictions, plaintiff prayed for damages for the decrease in and diminution of the value of Lot No. 232 of Greenbriar Estates and the improvements thereon.
Defendant alleged that plaintiff could not claim damages to Lot No. 232 as a result of defendant’s violations of subdivision restrictions since Lot No. 232 was not within the area covered by subdivision restrictions applicable to defendant’s lot. Plaintiff’s lot and defendant’s lot were in fact located in separate and distinct subdivisions.
The trial court maintained defendant’s exception of no cause of action.[2] In written reasons for judgment the judge relied on Lillard v. Jet Homes, Inc., 129 So.2d 109 (La.App. 2nd Cir. 1961), as holding that a party residing in one subdivision had no right of action to enjoin a violation of a *294 restriction in another subdivision. The Lil-lard case may be regarded as having considered the plaintiff’s exception only in terms of the plaintiff’s right or interest to complain of this violation. Nevertheless, we consider the reasoning of Lillard to apply equally to an exception of no cause of action. The exceptor there, as here, had filed “an exception of no cause and no right of action.” The trial judge in the case before us found that the plaintiff did not have a right to enforce the restrictions as a personal obligation under LSA-C.C. art. 779.
On appeal the plaintiff argues that Lil-lard v. Jet Homes, Inc., supra, is on all fours but that “the reasoning leaves something to be desired.” Plaintiff, without any citation of authority, would have us hold plaintiff entitled to an injunction to enforce the subdivision restrictions applicable to defendant’s lot even though plaintiff does not own property within the restricted area. In Lil-lard the plaintiff owned property in Unit No. 8 of Coleman Park Subdivision and defendant owned property in Unit No. 9. The plaintiff filed suit alleging that defendant was violating certain restrictive covenants applicable to Unit No. 9 and sought an injunction to enforce these covenants. The court held that the units were separate subdivisions with separate and distinct recorded restrictions and that plaintiff was not a grantee entitled to enforcement of the restrictions applicable to Unit No. 9. The court stated that unless the party seeking to enforce the restrictive covenant is a grantee under the covenant he is without a right to enforce it.
We find that Lillard is apposite to the situation before us and affirm the trial court’s judgment that plaintiff has no cause of action to enforce the restrictions through the injunctive process. We do not find that LSA-C.C. art. 779 grants to plaintiff a cause of action to enforce the restrictions as a personal obligation.
In the alternative plaintiff contends that she has a personal action against defendant for damages under LSA-C.C. article 667. We do not believe that plaintiff’s petition states a cause of action arising under Article 667. We are of the opinion that the facts alleged put this case squarely within the scope of LSA-C.C. art. 668 and that plaintiff must bear the “inconvenience” of the metallic structure.
AFFIRMED.

. Plaintiff also alleged that she was the owner of Lot No. 11 of Greenbriar Estates, Extension No. 1, City of Lafayette. However, her purchase of this lot had been rescinded as of the time of the hearing on the exception involved in this case and her former ownership of Lot No. 11 does not appear to be urged as a foundation for her action as it now stands. The sale was rescinded (Tr. 38) by written agreement of the original seller and plaintiff with the recitation “That the parties hereto acknowledge that said parcel of ground was not suited for the purposes intended ...

. The facts on which the exception of no cause of action were decided which were not alleged in plaintiff’s petition were entered into the record by written stipulation at the time of the hearing.