NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

NANCY KNIGHT, *Plaintiff/Appellant,*

*v.*

GLEN LUDWIG and PEARL LUDWIG, Trustees of THE LUDWIG
FAMILY TRUST; FAIRWAY CONSTRUCTORS, INC.; MEHDI AZARMI;
JAMES B. ROBERTS and DONNA M. ROBERTS, husband and wife,
*Defendants/Appellees.*

No. 1 CA-CV 24-0075

FILED 10-10-2024

---

Appeal from the Superior Court in Mohave County
No. B8015CV201804003
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

---

COUNSEL

Nancy Knight, Fort Mohave
*Plaintiff/Appellant*

Law Offices of Daniel J. Oehler, Bullhead City
By Daniel J. Oehler
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Anni Hill Foster joined.

---

**P A T O N**, Judge:

¶1        Nancy Knight appeals from orders dismissing her complaint with prejudice and awarding attorneys' fees to Glen and Pearl Ludwig, as Trustees of The Ludwig Family Trust; Fairway Constructors, Inc. ("Fairway"); Mehdi Azarmi; and James and Donna Roberts (collectively, "Defendants").  Knight also appeals several other interlocutory orders. Finding no legal error or abuse of discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Desert Lakes Golf Course & Estates ("Desert Lakes") consists of multiple tracts owned and developed by different developers at different times.  At the time Knight filed this action, Desert Lakes included Tracts 4076-A, 4076-B, 4076-C, 4076-D, 4132, 4159, and 4163.  Knight owns a home in Tract 4163.  The Roberts own a home in Tract 4076-A.  The Ludwigs and Azarmi are officers in Fairway, which has bought, sold, and developed lots in Tract 4076-A.

¶3        There are separate covenants, conditions, and restrictions ("CC&Rs") for the different tracts in Desert Lakes.  The CC&Rs include setback requirements and ban advertising signs on undeveloped lots. There were originally no CC&Rs for Tract 4163, but all lots in Tract 4163 are subject to the setback requirements in Mohave County Board of Supervisors ("Board of Supervisors") Resolution No. 98-348.  None of the tracts have a homeowners' association.

¶4        In May 2016, the Mohave County Board of Adjustment granted a request from Azarmi and the Roberts for a variance to reduce the setback requirements on the Roberts' lot in Tract 4076-A.  In October 2016, the Board of Supervisors denied a request by the Mohave County Planning and Zoning Commission to reduce the setback requirements for *all* 4076 tracts by amending Resolution No. 93-122.

¶5        In 2018, Knight filed a two-count complaint.  Count one alleged that Defendants violated the CC&Rs by obtaining a variance for the

Roberts' lot and that Fairway, Ludwig, and Azarmi continued to build homes in violation of the setback requirement in the CC&Rs for Tract 4076-A. Knight also alleged that Fairway, Ludwig, and Azarmi attempted to violate the CC&Rs when they sought to amend Resolution No. 93-122 to reduce the setback requirements in all 4076 tracts. Count two sought injunctive relief for alleged violations of advertising sign and setback restrictions. Knight alleged that Fairway's display of "build to suit" signs on vacant lots violated the CC&Rs' ban on advertising signs.

¶6        Defendants moved to dismiss count one with prejudice because Knight did not own property in Tract 4076-A and, therefore, could not enforce the CC&Rs in Tract 4076-A. The superior court granted the motion to dismiss count one with prejudice. Because this was the only claim against the Roberts, they were dismissed from the action. The court, however, ruled that Knight could enforce any alleged CC&R violations in Tract 4163, where she owed property, and in Tract 4076-B because Tract 4163 used to be part of Tract 4076-B.

¶7        Defendants later moved for summary judgment on the alleged CC&R violations in count two. They argued that the CC&Rs had been abandoned due to nonenforcement. Although the superior court denied the summary judgment motion, the parties agreed that all Desert Lakes property owners were necessary parties because there was a dispute over the validity of the CC&Rs. After additional briefing and oral argument, the court held that Knight, not Defendants, must join the necessary parties.[1] The court ordered the parties to prepare the notices to serve the necessary parties.

¶8        Knight filed numerous pleadings challenging the order requiring her to serve the necessary parties and the language in the notice of service. The superior court heard argument on several of these motions. Both parties submitted amended notices of service. One year later, after much litigation, the court ordered Knight to serve the necessary parties with a specific notice packet provided by the court ("the service order"). Knight was ordered to take "substantial steps" toward serving the necessary parties within 150 days or the court would dismiss the complaint.

---

[1] Knight appealed this order, but this court dismissed the appeal because the Arizona Rule of Civil Procedure 54(b) certification was improper.

The court also ordered Knight to have no contact with the necessary parties except to attempt service ("no contact order").[2]

**¶9**　　　　Knight did not attempt service by the deadline and informed Defendants she would not be doing so.　As a result, Defendants moved to dismiss the complaint with prejudice as a contempt sanction for Knight's disregard of the service order.　Defendants also sought an award of attorneys' fees "for the defense of this matter."　The superior court found Knight in contempt and dismissed the complaint with prejudice.　The court also awarded Defendants over $200,000 in attorneys' fees.　Knight timely appealed after entry of an appealable judgment under Arizona Rule of Civil Procedure ("Rule") 54(b).

## DISCUSSION

### I.　The court did not err in dismissing count one for alleged violations of the CC&Rs in Tract 4076-A.

**¶10**　　　　Defendants moved to dismiss count one of the complaint for failing to state a claim, arguing, among other things, that Knight lacked standing to enforce the CC&Rs in Tract 4076-A.　Knight responded that the different tracts are part of one master-planned community, so she was entitled to enforce the CC&Rs in all Desert Lakes tracts.　Knight reasserts this argument on appeal.

**¶11**　　　　The superior court found that Tracts 4076-A and 4076-B are two subdivisions with separately recorded CC&Rs, and that because Knight did not own property in Tract 4076-A, she could not enforce any CC&R violations.　The court also found that Tract 4163, where Knight owns property, was originally a parcel within Tract 4076-B, so Knight had standing to enforce the CC&Rs for Tract 4076-B as asserted in count two.[3]

**¶12**　　　　Because the superior court considered matters outside the pleadings, the motion to dismiss converted to a summary judgment motion. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 9 (2012); Ariz. R. Civ. P. 12(d).

---

[2] Knight refers to the no contact order as the "Gag Order."

[3] Tract 4163 was created from a portion of Tract 4076-B.　For this reason, the superior court ruled that the CC&Rs from 4076-B carried over to Tract 4163, and Knight could enforce the CC&Rs in Tract 4076-B.　We do not address this ruling because Defendants did not cross appeal from it.

4

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *accord Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990). We review the grant of summary judgment de novo and construe the evidence and reasonable inferences in the light most favorable to the opposing party. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003).

**¶13** This case requires us to interpret CC&Rs. "CC&Rs constitute a contract between the subdivision's property owners as a whole and individual lot owners." *Ahwatukee Custom Estates Mgmt. Ass'n Inc. v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000). Contract interpretation is generally a matter of law, which we review de novo. *Id.*

**¶14** Arizona courts interpret CC&Rs so as "to give effect to the intention of the parties ascertained from the language used in the instrument, or the circumstances surrounding the creation of the servitude, and to carry out the purpose for which it was created." *Powell v. Washburn*, 211 Ariz. 553, 557, ¶ 13 (2006) (internal quotation marks omitted) (quoting Restatement (Third) of Property (Servitudes) § 4.1(1) (2000)); *accord Ariz. Biltmore Estates Ass'n v. Tezak*, 177 Ariz. 447, 449 (App. 1993).

**¶15** The plain language in the CC&Rs for Tract 4076-A (where the Roberts own property) states that property owners "within the subdivision" can enforce the CC&Rs. Knight argues, as she did below, that all of Desert Lakes is one "subdivision" with one common scheme (the 1988 Preliminary Plat) created by one developer (Desert Lakes Development L.P.). Therefore, she contends that she owns property "within the subdivision."

**¶16** Knight places undue weight on the word "subdivision." She contends that Desert Lakes is one subdivision because originally, in 1988, there was a preliminary plat for one "Tract 4076" with one set of CC&Rs. As Knight acknowledges, however, Desert Lakes was developed in multiple phases with separate tracts. This resulted in separate CC&Rs for the different tracts. There were also multiple owners and developers of the various tracts and the plats for each tract were approved and developed at different times.

**¶17** None of the CC&Rs refer to a master set of CC&Rs that apply to the greater Desert Lakes community. The CC&Rs for Tract 4076-A state that they apply to "said tract" multiple times and lists specific lots in Tract 4076-A. The fact that the CC&Rs governing the other tracts contain mostly identical language does not mean that the Desert Lakes community is one

subdivision. Each set of CC&Rs makes it clear that it only applies to the "said tract" identified in the CC&Rs. If Desert Lakes was one subdivision, as Knight claims, then the individual CC&Rs would not be limited to a specific tract, and the individual tracts would not have their own CC&Rs. Thus, using the term "subdivision" in the enforcement paragraphs of the CC&Rs does not imply that all property owners in the greater Desert Lakes community can enforce CC&Rs in tracts where they do not own property.

¶18 Knight's interpretation also contradicts the Restatement (Third) of Property (Servitudes), which addresses restrictive covenants. Absent statutes or case law to the contrary, we generally follow the Restatement. *Barnes v. Outlaw*, 192 Ariz. 283, 285, ¶ 6 (1998). As the Restatement (Third) of Property (Servitudes) § 2.14, comment g (2000), states:

> When a tract is developed in phases, with separate units or subdivisions, the imposition of servitudes in one phase should not give rise to the implication of reciprocal servitudes burdening the remaining units or subdivisions, *unless the developer clearly represented to purchasers that the remaining units would be subject to the same restrictions as the earlier ones* under circumstances that would justify enforcement of an express oral promise to impose restrictions on the remaining land under § 2.9.

(Emphasis added).

¶19 This rule has been applied in other jurisdictions. *See Lillard v. Jet Homes, Inc.*, 129 So. 2d 109, 112-13 (La. Ct. App. 1961) (holding that absent a manifest intention to the contrary, "purchasers of lots in a subdivision containing restrictive covenants pursuant to a general building plan cannot, because they are such purchasers, enforce restrictive covenants relating to lots in other subdivisions subsequently platted by the same owner.") (citation omitted). *Accord Marengo Hills, Inc. v. Watson*, 368 So. 2d 856, 857-58 (Ala. 1979); *Craven Cnty. v. First Citizens Bank & Trust Co., Inc.*, 75 S.E. 2d 620, 628-29 (N.C. 1953); *Rooney v. Peoples Bank of Arapahoe Cnty.*, 513 P. 2d 1077, 1080 (Colo. Ct. App. 1973); *Nelson v. Flache*, 487 S.W. 2d 843, 845-46 (Tex. Ct. App. 1972); *Reid v. Standard Oil Co. of Ky.*, 130 S.E. 2d 777, 781 (Ga. Ct. App. 1963).

¶20 Tract 4076-A is a separate subdivision, and Knight cannot enforce its CC&Rs because she does not own property in Tract 4076-A.[4]

## II. The superior court did not err by dismissing count two with prejudice as a sanction for Knight's contempt.

¶21 As previously mentioned, the superior court held that Knight could enforce the alleged violations of CC&Rs in Tracts 4163 and 4076-B. Knight alleged CC&R violations based on Defendants' (1) advertising signs on unimproved lots, (2) unsuccessful attempt to amend Resolution No. 93-122 to change the setbacks in all tracts of 4076, and (3) continued construction of homes in violation of the setback requirements.

¶22 Defendants moved for summary judgment on count two, arguing that the CC&Rs in Tract 4076-B had been abandoned. In response to this argument, the parties stipulated that all property owners in Tract 4076-B were necessary parties under Arizona Rule of Civil Procedure 19 ("Rule 19") (requiring joinder of a person if "that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may [] as a practical matter impair or impede the person's ability to protect the interest"). Over the next two years, the parties litigated whether Knight or Defendants must serve the necessary parties and debated the substance of the language in the notice of service. *See supra* ¶¶ 7-8.

¶23 Ultimately, the superior court ordered Knight to "take substantial steps" to serve the necessary parties with court-approved notice of service within 150 days or the "matter shall be dismissed." The court also ordered Knight to have no contact with the necessary parties other than to accomplish service. Knight did not serve any other property owners, and the court granted Defendants' motion to dismiss the action with prejudice as a sanction for Knight's contempt.

### A. We have appellate jurisdiction.

¶24 Defendants argue that contempt rulings are not appealable, and because Knight failed to file a special action petition, we lack jurisdiction to consider the dismissal order and corresponding award of

---

[4] Knight's brief claims to raise an issue related to the enforcement rights of the owners of Lot 81 on Lipan Boulevard and the lots in Tract 4076-D. Knight does not own Lot 81, nor does she own property in Tract 4076-D. Therefore, she cannot raise these arguments.

attorneys' fees. Contempt orders are not generally appealable, *Stoddard v. Donahoe*, 224 Ariz. 152, 154, ¶ 7 (App. 2010), but because the contempt ruling resulted in a final order of dismissal, it is appealable as a final order under Arizona Revised Statutes ("A.R.S.") Section 12-2101. *Green v. Lisa Frank, Inc.*, 221 Ariz. 138, 146-48, ¶¶ 14-17, 22-23 (App. 2009) (holding that an order of dismissal with prejudice as a sanction for violating court orders was appealable under Section 12-2101 because it decided and disposed of the case on its merits). Thus, we have jurisdiction to consider the contempt ruling that dismissed the action with prejudice.

### B.      All property owners in Tracts 4076-B and 4163 are necessary parties.

¶25          Knight argues there was no basis for the court to order that she "sue over 100 parties who have no [CC&R] violations whatsoever." We review questions involving interpretation and application of court rules de novo. *Vega v. Sullivan*, 199 Ariz. 504, 507, ¶ 8 (App. 2001).

¶26          Knight misunderstands the nature of the order and the reasons why joining all property owners was necessary. The superior court did not require the joinder of the other property owners because they might have violated CC&Rs. Rather, the court said the property owners in Tract 4076-B must be joined because a ruling that the CC&Rs have been abandoned and are no longer enforceable would affect their property rights. *See Raimey v. Ditsworth*, 227 Ariz. 552, 556-57, ¶¶ 11-12 (App. 2011) (holding that courts may not find CC&Rs invalid as to only some lots in a subdivision); *Karner v. Roy White Flowers, Inc.*, 527 S.E. 2d 40, 43-44 (N.C. 2000) (holding that all subdivision property owners are necessary parties because an action to void CC&Rs must apply to all lots). Thus, because all Tract 4076-B property owners would be affected by any such ruling, they were necessary parties under Rule 19.

¶27          Further, Knight's former attorney stipulated that all property owners in Tract 4076-B must be joined, and Knight is bound by that stipulation absent a court order. *See Rutledge v. Ariz. Bd. of Regents*, 147 Ariz. 534, 549 (App. 1985) (holding that parties are bound by their attorneys' stipulations in a judicial proceeding unless relieved of them by the court).

### C.      Knight was obligated to serve the necessary parties.

¶28          Knight argues that Defendants had the burden of serving the necessary parties because they asserted an abandonment defense. *See College Book Ctrs., Inc. v. Carefree Foothills Homeowners' Ass'n*, 225 Ariz. 533, 537, ¶ 12 (App. 2010) (holding that the party asserting a waiver of CC&Rs

bears the burden of proof). Defendants argue that Knight, as the plaintiff, must serve the necessary parties.

¶29        Both parties cite *Sheets v. Dillon*, 20 S.E. 2d 344, 345 (N.C. 1942), in which the plaintiff argued the CC&Rs were invalid. There, the court held that the plaintiff must join the necessary parties. Although *Sheets* established that all interested property owners must be joined, there was no dispute about which party had to serve the additional parties. *Id.* at 348. In a later North Carolina case, *Karner*, 527 S.E. 2d at 44, the plaintiffs sought to join nonparty property owners in a dispute over the validity of CC&Rs. The lower court denied the motion to join nonparties which was affirmed on appeal. *Id.* at 41-42. The supreme court reversed, holding that nonparty property owners in the subdivision were, in fact, "necessary parties to th[e] action because the voiding of the [CC&Rs] would extinguish their property rights." *Id.* at 44. Again, the issue of which party had to join the necessary parties was not in dispute.

¶30        Rule 19 does not specify which party must serve the necessary parties. But Arizona and other state courts generally hold that it is the plaintiff's duty to join an indispensable party to the proceeding. *See generally Siler v. Superior Court*, 83 Ariz. 49, 54 (1957) (holding that the plaintiff, who was the party appealing the denial of a liquor license transfer to the superior court, was required to serve the registered owner of the license as a necessary party); *see also Hubert v. Bd. of Pub. Util. of Kansas City*, 174 P. 2d 1017, 1020 (Kan. 1946) (holding that the plaintiff bore the burden of "procuring the presence of all [] indispensable parties[]").[5] This is consistent with the nature of the action here.

¶31        Knight's complaint brought Defendants into court. *See* Ariz. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Although Defendants raised the abandonment defense and must prove it, *see College Book Ctrs.*, 225 Ariz. at 537, ¶ 12, Knight initiated the action that potentially impacted all the property owners' interests in the CC&Rs. Defendants raised only an affirmative defense; they did not assert a counterclaim or third-party claim against the other property owners. *See* Ariz. R. Civ. P. 13 (counter and cross claims); Ariz. R. Civ. P. 14 (third-party

---

[5] Although *Hubert*, 174 P. 2d at 1020, cited 39 Am. Jur. 884 § 25, in support of this holding, the more recent 59 Am. Jur. 2d Parties § 112 (2024), adopted after the superior court's ruling in this case, now states, less helpfully, that "[n]ormally, it is the duty of the litigants or the court to join an indispensable party."

claims). The burden of service is on Knight because the court would not be able to provide her complete relief without joining the other property owners. We affirm the court's order that Knight was required to serve the other property owners.[6]

### D.    It was within the superior court's discretion to dismiss the case as a contempt sanction.

**¶32**        The superior court can dismiss an action when a party fails to comply with its orders. *Green*, 221 Ariz. at 149-50, ¶ 29. *See also* Ariz. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute the case or to comply with these rules or a court order, a defendant may move to dismiss the action[.]"). We review the court's imposition of sanctions for an abuse of discretion, giving greater scrutiny to the ultimate sanction of dismissal. *Estate of Lewis v. Lewis*, 229 Ariz. 316, 324, ¶ 20 (App. 2012).

**¶33**        Knight argues she was denied due process because the superior court did not issue an order to show cause or schedule a hearing where she could appear and show why she should not be held in contempt. But a hearing is not required "[w]here willfulness or bad faith or fault of the party is clear from the record[.]" *Robinson v. Higuera*, 157 Ariz. 622, 624 (App. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 632 (1962)). The adequacy of the notice and hearing requirements depend "to a considerable extent, on the knowledge which the circumstances show such party may be taken to have of the consequences of his own conduct." *Link*, 370 U.S. at 632.

**¶34**        Before dismissing a case as a sanction, courts should consider several factors, including: (1) prejudice to the other party caused by the disobedient party's conduct; (2) whether the conduct was that of the party or counsel; (3) whether the conduct was willful or in bad faith and if it was repeated or continuous; (4) the public interest in the integrity of the judicial system and compliance with court orders; (5) prejudice to the judicial system, including delays and burdens on the court; (6) efficacy of lesser

---

[6] In a related argument, Knight contends the superior court erred in denying her motion to dismiss the abandonment claim for failure to join Rule 19 parties. Knight's motion to dismiss raised the same argument she asserts on appeal. As stated above, joinder was necessary and was Knight's responsibility. Therefore, the court properly denied the motion to dismiss.

sanctions; (7) prior warnings of potential sanctions; and (8) the policy of resolving cases on the merits. *Green*, 221 Ariz. at 154, ¶ 45.

¶35　　　　Several of these factors are present here. Knight represented herself and personally committed these violations. *Cf. Lewis*, 229 Ariz. at 324-25, ¶¶ 21-22. Over the course of two years, the superior court considered Knight's repeated challenges to the service order seeking relief from or modification of this order. All were denied. Knight's continuous challenges raised the same arguments multiple times and the court and opposing parties spent considerable resources to address Knight's repetitive pleadings. The issue was ultimately resolved in the second service order which again informed Knight that failure to take substantial steps to serve the necessary parties by the deadline would result in dismissal. Thus, Knight knew the consequences of her actions. *See Link*, 370 U.S. at 632. Further, Knight failed to respond to Defendants' motion to dismiss the case with prejudice. Although the court did not state that it considered lesser sanctions, it considered the delay and Knight's continued failure to comply with the service order. *See Green*, 221 Ariz. at 154-55, ¶¶ 46-47 (holding that the superior court's failure to state whether it considered prejudice to opposing party did not require reversal where most other factors were present).

¶36　　　　Based on this record, the superior court did not abuse its discretion in dismissing the case as a contempt sanction. Because we find the court properly dismissed the case, it is not necessary to address the merits of Defendants' abandonment defense.

### III.　The superior court did not err by awarding attorneys' fees as a sanction.

¶37　　　　The dismissal order also awarded attorneys' fees to Defendants. Defendants submitted a fee application and affidavit. After Knight failed to respond, the superior court awarded Defendants $217,254.50 in fees and costs. The superior court has authority to award attorneys' fees as a sanction for a party's "complete and repeated disregard of a court order" without reasonable justification. *Taylor v. So. Pac. Transp. Co.*, 130 Ariz. 516, 523 (1981). We review sanction orders for an abuse of discretion. *Lewis*, 229 Ariz. at 324, ¶ 20.

¶38　　　　Knight argues that (1) the fee award was premature because the superior court did not resolve all counts, (2) the fee award will discourage others from litigating these types of issues, and (3) the economic disparity weighs against the award. The order dismissing count two with

11

prejudice resolved all issues on the merits. Thus, the fee award was not premature. The record supports the finding that Knight "willfully and deliberately refused and refuses to comply with this Court's specific and definitive orders." *See supra* ¶ 35. Knight's repeated challenges to the service orders were unreasonable and caused Defendants to incur additional and unnecessary attorneys' fees. Knight also failed to cite to anything in the record to support her claim of economic disparity. Accordingly, we affirm the award.

### IV. Knight waived her argument that the no contact order violated her due process and free speech rights.

**¶39** Knight argues, without supporting authority, that the no contact order lacked a legal basis and violated her constitutional rights to due process and free speech. "Arguments that are unsupported by legal authority and adequate citation to the record are waived." *J.W. v. Dep't of Child Safety*, 252 Ariz. 184, 188, ¶ 11 (App. 2021). Accordingly, we do not address this issue.

### V. Knight waived her argument that the superior court erred in denying her motion for leave to amend the complaint.

**¶40** Throughout these proceedings, Knight filed seven motions for leave to amend the complaint. The court denied these requests, finding the amendments would be futile, would unreasonably delay or expand the proceedings, or that the request was made for an improper purpose.

**¶41** Knight argues that denying her leave to amend the complaint was not in the interests of judicial economy. We review the denial of a motion for leave to amend a complaint under an abuse of discretion standard. *MacCollum v. Perkinson*, 185 Ariz. 179, 185 (App. 1996). Leave to amend is usually granted "unless the court finds undue delay in the request, bad faith, undue prejudice, or futility in the amendment." *Id.*

**¶42** On appeal, Knight cites Arizona Civil Procedure Rule 15(a)(2), which states that leave to amend must be freely given when justice requires, but she fails to explain how the superior court abused its discretion. Knight has waived this argument because she cites no relevant legal authority and does not properly develop her argument. *See J.W.*, 252 Ariz. at 188, ¶ 11. For example, on appeal Knight argues that she stated a claim for fraud against opposing counsel. The original complaint did not include any fraud claims. Thus, this issue is not properly before us on appeal. To the extent Knight's argument is that she should have been allowed to amend the complaint to add a fraud claim, it is waived because

she failed to properly develop this argument or plead the fraud claim with the required particularity. *See J.W.*, 252 Ariz. at 188, ¶ 11 (waiver); Ariz. R. Civ. P. 9(b); *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 142, ¶ 75 (App. 2014) (recognizing the "more stringent [pleading] requirements of Rule 9(b)").

## VI. The award of attorneys' fees for Knight's motions filed between March and June 2023 was proper.

**¶43**        Knight challenges the order awarding $6,230.25 in attorneys' fees to Defendants for responding to three motions Knight filed between March and June 2023.[7]  In denying her motions, the superior court found the motions were (1) not authorized by any rule, (2) not supported by any factual basis, and (3) unnecessary.

**¶44**        The superior court cited Section 12-349(A)(3), which authorizes an award of fees if a party "[u]nreasonably expands or delays the proceeding."  We review the superior court's application of this statute de novo but view the evidence in the light most favorable to sustaining the award. *Takieh v. O'Meara*, 252 Ariz. 51, 61-62, ¶ 39 (App. 2021).  Knight cites no facts in the record supporting her challenge to this order.  As a result, this argument is waived. *See J.W.*, 252 Ariz. at 188, ¶ 11.  Waiver aside, after reviewing these three motions, we agree with the superior court's assessment.  Therefore, we affirm the award.

## VII. Knight's libel allegations and request for punitive damages are waived.

**¶45**        Knight argues that defense counsel should be subject to punitive damages because he libeled and extorted her.  Knight does not cite legal authority or a factual basis for this claim.  Accordingly, it is waived. *See J.W.*, 252 Ariz. at 188, ¶ 11.  Moreover, the complaint did not include a libel claim, so this argument is not properly before us on appeal.

---

[7] These motions are: (1) a motion to strike Defendants' motion for summary judgment, (2) a motion for gag order on Defendants and their attorney, and (3) a motion for Defendants' attorney to state a Rule 12 claim.

### VIII. Defendants are entitled to an award of attorneys' fees and costs on appeal.

¶46        Knight requests an award of attorneys' fees and costs on appeal under Section 12-1840.  This is not a declaratory judgment action, so Section 12-1840 does not apply.

¶47        Both parties request an award of attorneys' fees and costs under Section 12-341.01.  As the successful party, Defendants are entitled to an award of attorneys' fees under Section 12-341.01 upon compliance with Arizona Rule of Civil Appellate Procedure 21.  We also award Defendants' reasonable costs on appeal under Section 12-342(B).

### CONCLUSION

¶48        We affirm the dismissal orders and all other interim orders.



AMY M. WOOD • Clerk of the Court
FILED:    AGFV

14